Dacy vs. The State.

No. 75.—CHARLES DACY, plaintiff in error, vs. THE STATE OF GEORGIA, defendant.

[1.] It is no ground for a continuance, that the defendant expects to prove an *alibi* by an absent witness, on the day alleged in the indictment, provided the Solicitor General will waive proving the offence on that day.

[2.] Though the allegation of time is important, it is in no case necessary to prove the precise day or even year laid in the indictment, except where a day is averred by way of describing a written instrument, record, &c. or where time enters into the nature of the offence.

[3.] Diligence is required of parties and their Counsel in the preparation of causes ; and Courts are disinclined to disturb verdicts occasioned by negligence ; yet, where justice demands it, it will be done.

[4.] D being prosecuted for a misdemeanor, pleaded a former acquittal, and applied to the Clerk for the former indictment preferred for the same offence and the order on the minutes of the Court discharging the accused from the prosecution : neither of which could be found. The Court having directed the trial to proceed, there was a verdict of guilty rendered against the defendant. In the meantime, the search having been continued, while the Jury were out, both the indictment and the order of discharge were found, the former in the possession of the Solicitor General, who had overlooked it in the hurried examination which he made amongst his papers. There being no doubt from the evidence and a comparison of the pleadings that the offences were the same : *Held*, that under the circumstances, a new trial should have been granted.

Indictment for misdemeanor, in Bibb Superior Court. Tried before Judge POWERS, November Term, 1854.

This was an indictment for receiving corn from a slave, charged in the indictment to have been committed on the 1st May, 1852.

When the case was called for trial, defendant moved a continuance, on the ground of the absence of certain witnesses, by whom he expected an *alibi* on the day named in the indictment. The Sol. Gen'l. stating, that he did not expect to prove the offence on that day, the Court refused the continuance; and this decision is assigned as error. The defendant's Counsel then asked for time to plead a former acquittal; and took some half hour to look for the record, but being unable to find it, and the

Dacy vs. The State.

Sol. Gen'l having examined his papers, into whose custody the indictment was traced, and not finding the former indictment, the Court ordered the trial to proceed, the Counsel for defendant stating in his place, that there was such an indictment and order of acquittal, which could be found, if time were allowed; and this decision is assigned as error.

The State introduced one witness, who proved the receipt of corn from a negro by the defendant, in the early part of May, 1852. The witness did not recollect the day, but said it was not the 1st.

No other testimony was introduced.

The Court charged the Jury, that if they believed, from the evidence, beyond a reasonable doubt, that the defendant received corn from a negro, without written permission from those authorized to give it, at any time within two years before the finding of this presentment, that they should find the defendant guilty.

The defendant had previously moved for an acquittal, on the ground that the offence was not proved on the day charged, which the Court refused; and on this decision, as well as on the charge, error is assigned.

The Jury returned a verdict of guilty.

Afterwards, the defendant's Counsel moved in arrest of judgment, and for a new trial, and produced an order of Court, granted at May Term, 1853, granting an acquittal to the defendant, predicated on two successive demands for trial under the Penal Code. He produced also the bill of indictment, on which said order was granted, (which was found among the Sol. Gen'l's papers) and which was word for word with the present indictment, except that the other charged the offence on the 1st June, 1852, and that in the description of the slave, between the words "a certain negro man slave" and "of yellow complexion," there were, in the other indictment, the words, "a wagoner," which are not in the present indictment. The Court refused the motions, holding the proof of identity in the offences charged in the two indictments was not sufficient,

and sentenced the defendant to thirty day's imprisonment, and payment of costs.

To which refusal and sentence, the defendant excepts, and error is assigned thereon, as well as on the other points above noticed.

L. N. WHITTLE, for plaintiff.

Sol. Gen'l DeGRAFFENREID, for the State.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] The Court was right in refusing to continue the case. The defendant proposed to prove an *alibi* by the witnesses who were absent; that is, that on the 1st day of May, 1852, the time stated in the presentment, when the offence was committed, he was absent from home during the whole day. To this, the Solicitor General replied, that he did not expect to show that the misdemeanor was committed on the 1st, but on a subsequent day in May.

[2.] This he was entitled to do, as the time need not be proved as laid, unless where it is of the essence of the offence. And the facts may be proved to have occurred on any other day previous to the preferring of the indictment. The authorities are not only uniform in support of this doctrine, but it has been the constant course of proceeding in criminal prosecutions, from the highest offence to the lowest. All objections to this practice on behalf of prisoners have been repeatedly and uniformly over-ruled. (2 *Hawks P. C. b.* 2 *ch.* 46 ; 2 *Just.* 218 ; 3 *Ib.* 230 ; 1 *Hale's P. C.* 361 ; 2 *Ib.* 179 ; *Fost.* 7, 8 ; 1 *Chitty's Crim. Law,* 223 ; *McNally's Ev.* 496–7, *et seq.*; 4 *Starkie's Ev.* 1568 ; *Starkie's Crim. Pl.* 58 ; 2 *Stark. Nisi P.* 458 ; 1 *Phil. Ev.* 203, 514 ; *St. Trials,* 587, 605, 542, 552 ; *Rex. vs. Channock, Holt,* 301 ; 1 *Salk.* 288 ; *The State vs. Hanney,* 1 *Hawks. R.* 460 ; *Com. vs. Hoorington,* 3 *Pick.* 26 ; 9 *Cowen* 655 ; 2 *Mason,* 49.)

But where the date of a particular fact is necessary to as-- certain, with precision, the offence charged, it must be proved as alleged.    Consequently, several exceptions have been made to the foregoing rule, namely : that it will not be necessary to prove precisely the time as laid.    1st.  In all cases where written instruments are pleaded, the date, if stated, must correspond with the date of the instrument when produced in evidence on the trial.    (*Com. vs. Lyon*, 2 *Camp*. 307, *n*.    *Freeman vs. Jacob*, 4 *Campb*. 249.)    2d.  As deeds may be pleaded, either according to the date which they bear, or to the day on which they are delivered—if a deed produced in evidence bear date on a different day from that stated in the pleading, the party producing it must prove that it was, in fact, delivered on the day alleged in the pleading.    3dly.  If any time stated in the pleading is to be proved by matter of record, it must be correctly stated. (1 *T. R.* 656.    4 *Id*. 590.    11 *East.* 508.    1 *H. B. L.* 49.    2 *Saund*. 291, *b*.)    The slightest variance in any of these respects, will be fatal in *felonies*. In *misdemeanors*, in some cases, they are amendable at the trial.    4thly.  When the precise date of any fact is necessary to ascertain and determine, with precision, the offence charged or the matter alleged, in excuse or justification, any variance between the pleading and evidence will be fatal.    And *lastly*. Where time is of the essence of the offence, as in burglary and the like, the offence must be proved to have been committed in the night-time, although the day on which the offence is charged to have been committed is immaterial.    In murder, also, the death must be proved to have taken place within a year and a day from the time the stroke was given.    (2 *Hawkin's Ch*. 23, §90.)

Of course, then, this waiver on the part of the State, destroyed the materiality of the testimony.    Indeed, it rendered it wholly inapplicable to the case.    Nor was it forcing a trial, by making admissions which cannot be done in civil suits. But it is like striking out a count in a writ or an indictment, to which, alone, the absent proof referred.

[3.] We are unanimous, however, that a new trial should

have been granted, after the indictment in the former case was found in the possession of the *Solicitor General,* and the order of discharge and acquittal upon the *minutes of the Court.*

In view of the incalculable importance of *time* to the Courts, and the unparalleled exigencies of this busy-working age, when the habit of wine-bibbing even is discontinued, not so much from any moral conviction as to its danger or inutility, as from the simple fact, that men cannot afford, as formerly, " to tarry *long* at the table!" I repeat, that in view of all this, we may concede, perhaps, that some degree of *laches* was imputable to the party. We are called upon by Counsel to rebuke, indignantly, the idea, that the profession are to become absolute drudges in hunting up papers belonging to the offices, &c. Let such appeals be addressed to those who lounge in castles of indolence. We confess *ourselves* incapable of appreciating them. *Every body must learn to labor.* This is the fundamental law of the universe.

> ——"Nought is sleeping,
> From the worm of painful creeping
> To the cherub on the throne."

It is true, that our sturdy ancestors held it beneath the condition of a freeman to appear at the return day of the writ, *or to do any other act at the precise time appointed.* (3 *Black. Com.* 278.) But those good old days of ease and indulgence are gone forever. And it is a vain struggle to attempt to retain or revive them.

[4.] Conceding, as we do then, that Courts are and should be disinclined to relieve against verdicts occasioned by the negligence of parties; still, where justice imperatively demands it, it will be done. No earthly doubt exists but that the defendant has been convicted and sentenced to a month's imprisonment in the common jail of the county, for an offence from which he had been fully acquitted and discharged. Negligence or no negligence, can justice demand such, the sacrifice of the liberty of a citizen, in order to preserve a rule? We cannot sanction such a doctrine, especially as the State was not without fault in this matter. Had the books of the Clerk been

paged and indexed as they should have been, the order on the minutes could have been referred to instantly. And then again, the indictment in the former case, was found in the possession of the Solicitor General, who, when applied to, as the record states, *before* the trial, denied having it, having overlooked it in the hurried examination of his papers.

Under all the circumstances, odious as the crime may be for which Dacy has been convicted, and notwithstanding he escaped through a loop in the Statute, without having been tried upon the merits; still, shielded as he is under the immunity of the laws of the land, the judgment against him must be reversed and a new trial awarded.