CLARKE *v.* THE STATE.

1. Alleged error in admitting evidence over objection of counsel for the accused cannot be considered when it does not appear what objection was made to the evidence at the time it was offered.
2. As repeatedly ruled by this court, the State need not prove the commission of an offence on the precise day alleged in the indictment, but it will be sufficient if the evidence shows the offence to have been committed at any time within the period of limitation before the finding of the indictment.
3. While the evidence upon which the accused was convicted is not entirely satisfactory, it is sufficient to warrant the verdict, and this court will not, therefore, interfere with the discretion of the court below in refusing a new trial.

October 8, 1892.

Practice. Evidence. Criminal law. Before Judge GAMBLE. Johnson superior court. March term, 1892.

A. F. DALEY and C. C. DUNCAN, by brief, for plaintiff in error.

B. D. EVANS, Jr., solicitor-general, by HINES, SHUBRICK & FELDER, *contra*.

LUMPKIN, Justice.

1. The indictment alleged that Clarke, the teacher of a public school, in making his report to the county school commissioner, willfully, knowingly, absolutely and falsely swore that one Thomas Smith, Jr., had attended his school fifty-nine days as a scholar. The original report, being on two separate sheets, was attached to the indictment, the scholar's name being on the first sheet, and the affidavit to the correctness of the report on the second. This report was offered in evidence by the State, and admitted over objection of counsel for the accused, but the record failing to disclose what, if any, ground of objection was presented at the time the evidence was offered, the question of its admissibility is not properly before this court for consideration.

2. The affidavit to the report appears on its face to have been sworn to and subscribed before the county school commissioner on the ——— day of ———, 1890; the indictment charges the false swearing to have been done on the first day of December, 1890, and the evidence shows the oath was administered in September, 1890. It is well settled that the State need not prove that an alleged offence was committed on the day named in the indictment, but may prove its commission at any time within the statute of limitations relating to that offence. When the indictment describes the offence in a particular way, it is necessary to support it by proof corresponding with the description. If the affidavit in the making of which the alleged false swearing was done had been dated December 1st, 1890, the date being a part of the description thereof, it might have been incumbent on the State to prove it as alleged; but the date being left blank except as to the year, we think there can be no doubt, so far as time is concerned, of the sufficiency of proof showing the affidavit was made in that year.

3. The evidence is not entirely satisfactory, but we cannot overrule the discretion of the trial judge in holding it was strong enough to warrant the verdict. Two witnesses for the State testified that the boy did not attend Clarke's school fifty-nine days. They say he went two or three weeks in cotton-chopping time, in April or May, but it is almost certain that Clarke's school did not begin until June. It would therefore seem that their testimony was of no value. On the other hand the boy's father, in his testimony, confined his son's attendance on Clarke's school entirely to the months of July and August, stating he did not attend on Saturdays and Sundays. So under this evidence the boy could not possibly have attended more than forty-five days. This proof would therefore sustain the

charge in the indictment, so far as it relates to the length of time the boy went to school, although the testimony of the defendant's witnesses leads strongly to the inference that he may have attended as much as fifty-nine days. The testimony of the county school commissioner identified the two sheets of the report as one document, and proved that the affidavit on the second was intended to refer to and cover both. His testimony also sufficiently proved the oath to have been properly administered, and that the affidavit was duly sworn to. The accused in his statement did not deny making the affidavit, but insisted that the boy had actually attended his school fifty-nine days. In view of the entire case as presented, we cannot adjudge that the court below abused its discretion in refusing a new trial, and therefore affirm the judgment.

*Judgment affirmed.*