## FORTSON *v.* THE STATE.

ATKINSON, J. 1. Where, upon the trial of one accused with the offense of carrying concealed weapons, it is sought· by the State to make certain the time of the commission of the offense, not by proving the commission upon the dates specifically alleged in the accusation, but by showing its commission to have been coincident with the happening of a certain other event, occurring at a certain place, and the defendant, in reply, undertakes to establish an alibi, the range of the evidence in support of the alibi need be such only as will exclude the possibility of defendant's presence at the particular place at the time of the happening of the particular event relied upon to establish the time of the commission of the offense; and a charge of the court upon the subject of alibi, which imposes upon the defendant the burden of accounting for his presence during every day for two years next preceding the date of the accusation, is erroneous.

2. The charge on the subject of the prisoner's statement was modeled somewhat on the charge dealt with in *Hackett* v. *State,* 108 *Ga.* 46, and while not approved, yet, under the ruling in that case, is not sufficient ground for a new trial.

*Judgment reversed. All the Justices concur.*

Submitted February 19,—Decided March 22, 1906.

Indictment for carrying concealed weapon. Before Judge Davis. City court of Lexington. January 1, 1906.

Among the grounds of the motion for a new trial, the overruling of which was assigned as error, were the following: "The court, after charging the jury the law of alibi as contained in the·case [code?], erred in charging the jury as follows: 'An alibi, to be established in this case, the defendant would have to show·that he was not at the place on the day as alleged in the indictment, and at all times within the statute of limitations, at any date on which the State relied for conviction.'" "The court erred in charging as follows: 'The defendant has made a statement. The law allows him to make any statement he may choose. You may believe it in whole or in part. You may believe it in preference to the sworn testimony in the case, but you must remember that it is not under the sanction of an oath.'"

*E. P. Shull* and *Joel Cloud,* for plaintiff in error.

*Hamilton McWhorter Jr., solicitor,* contra.