## LAMAR *v.* THE STATE.

1. An exception to admission of testimony, stating that the movant objected to it, but not stating any ground of objection that was presented when it was offered, though alleging that the court erred in admitting it, because it had the effect of prejudicing the minds of the jury against the movant, is without merit.
2. The evidence for the State making a clear case of murder, and nothing therein tending to show voluntary manslaughter, and the statement of the accused to the jury tending to show that he acted in self-defense, an instruction excluding from consideration the law of manslaughter was not erroneous as an expression or intimation that the accused had committed a crime greater than manslaughter, or because under the evidence as a whole the jury might have rendered a verdict of voluntary manslaughter.
3. An instruction in substantial accord with the Penal Code, § 1036, was not error as depriving the jury of a right to believe a part of the statement of the accused, if they did not believe it as a whole.
4. Alleged newly discovered evidence unsupported by the required affidavits of the movant and his counsel (Civil Code, §§ 6085, 6086) is no ground for a new trial.
5. That the accused in his statement to the jury did not include all that he wished to tell them, but thought he would have more time later, is no ground for new trial; no request having been presented to allow him to make an additional statement.
6. Where counsel appointed by the court did not request more time to prepare the defense for trial, it is no cause for a new trial that they did not have proper time to study and prepare the case, and that the accused and his people were poor and ignorant and could not assist as they should in the short time they had.

No. 2892. APRIL 12, 1922.

Indictment for murder. Before Judge Tarver. Fulton superior court. October 21, 1921.

*B. L. Chappell, Clark Ray,* and *J. G. Andreu,* for plaintiff in error.

*George M. Napier, attorney-general, John A. Boykin, solicitor-general, Seward M. Smith, asst. atty.-gen.,* and *E. A. Stephens,* contra.

FISH, C. J. Voge Lamar was indicted for the murder of Zora Palmer, by maliciously shooting and killing her with a pistol.

There was a verdict of guilty, and he excepted to the refusal of a new trial.

1. One ground of the motion for new trial complained that the court erred in permitting a witness for the State to testify to the effect that the accused had been visiting the deceased for six or seven months, that they were no kin, that the accused was a married man, and the witness guessed he was living with his wife at the time of the homicide. While it is stated that the movant objected to the testimony, the objection was not specifically stated. The motion recited that " Movant alleges that the court erred in allowing this evidence admitted, on the ground that it could have been introduced for the sole purpose of prejudicing the jury against the defendant; and although the court did give some instructions in regard to it in the charge, still it had the effect of causing the minds of the jury to be prejudiced towards movant." Evidently this ground was without merit, because, if for no other reason, it did not appear what objection was made to the testimony when it was offered.

2. Another ground was that the court erred in instructing the jury as follows: " I charge you that the law of voluntary manslaughter is not involved in this case. Your verdict will be one of three: either ' We, the jury, find the defendant guilty,' or ' We, the jury, find the defendant guilty, and recommend him to the mercy of the court,' or, ' We, the jury, find the defendant not guilty.' " This instruction was not error for the reason, as alleged, " that it was an expression and intimation on the part of the court that defendant had committed a great crime, something more than manslaughter. It is the duty of the court to charge what the law is in a positive way, and not in a negative way stating what crimes have not been committed," nor because, as contended by movant, under the evidence as a whole the law of voluntary manslaughter was applicable; nor because, as claimed by movant, that the jury, under the evidence, might have found a verdict of voluntary manslaughter. The testimony of a number of witnesses for the State, who swore they were present and saw the accused shoot and kill Zora Palmer, if true (and its credibility was for the jury), made a clear case of murder against the accused. There was nothing in the evidence tending to show voluntary manslaughter. The statement of the accused to the jury tended to show that he acted in self-defense in shooting the deceased.

3. Another instruction complained of in the motion was as follows: " The defendant made a statement in his own behalf. In so doing he was not under oath, and was not subject to cross-examination, and you should give to his statement such consideration, as you think it ought to have. You have the right to believe it in preference to the sworn testimony in the case, provided you believe it to be true." This instruction was in substantial accord with the Penal Code (1910), § 1036, and it was not error for the reason alleged, that it deprived the jury of the right to believe a part of the statement if they did not believe it as a whole.

4. The ground of the motion predicated on alleged newly discovered evidence of a named witness was wholly without merit. Aside from the insufficient character of the evidence, no affidavit was made to show that the movant and his counsel did not know of the existence of such evidence before the trial, and that the same could not have been discovered by the exercise of ordinary diligence. Civil Code (1910), §§ 6085, 6086.

5. The ground of the motion was without merit which complained that the accused, when he made his statement to the jury, did not then understand that he was to make a complete statement of his case, but thought " that he would have more time later;" and that " He wished to tell the jury that there had been trouble before he followed the deceased into the room where the fatal shot was fired, that the witness Irwin there assaulted him, and so the deceased did, and that the deceased hit him before he hit her with the pistol." The court would doubtless have permitted the accused to make an additional statement had it been requested in the circumstances stated; but no request was made.

6. Nor was it cause for the grant of a new trial that " Attorneys for movant state that movant is a poor, ignorant negro, that they were appointed by the court to defend him, and did not have proper time to study and prepare the case before trial, and that his people are poor and ignorant and could not assist the attorneys as they should have in the short time they had to work on." It does not appear that any request was made by the attorneys for the accused for additional time to prepare the case for trial.

The court did not err in refusing a new trial.

*Judgment affirmed. All the Justices concur.*