[Crim. No. 5411.   Second Dist., Div. Two.   Oct. 21, 1955.]

THE PEOPLE, Respondent, v. ERVIN WASHINGTON COOK, Appellant.

Gray, Glass & Allen for Appellant.

Edmund G. Brown, Attorney General, and Joan D. Gross, Deputy Attorney General, for Respondent.

MOORE, P. J.—Having been duly convicted on two counts of violating section 288 of the Penal Code, a felony, the accused has appealed on the grounds of (1) the insufficiency of the evidence; (2) the jurors were not convinced beyond a reasonable doubt; (3) there was a material variance as to the time of the criminal acts; (4) appellant was deprived of due process of law; and (5) the sole witness to the alleged acts was not competent to testify and the oath administered to her was not proper.

Appellant and his family resided next door to the Heaton family in Redondo Beach. The Heatons had two daughters to whom we shall refer as "A" and "B"—ages 9 and 5 respectively. On a day in early August, 1954, the girls visited appellant's home. He invited them into his bedroom.

"A" lay upon his bed and removed her panties. While appellant knelt beside the bed, partially disrobed, he did the act forbidden by the statute. The child observed his enlarged sexual organ. Such act was followed by the same performance on the body of "B" whose shorts had been removed and her dress lifted. "A" related her experience to a 10-year-old girl of her neighborhood and repeated it to her own mother, and to a lady of the police department. She could not be sure that the event occurred on August 4, but she was certain that it was on the day appellant had taken her mother to her grandmother's, and that she and her sister were alone. Appellant's 5-year-old son was in the house and tried to enter the bedroom door, but the girls successively held it during the acts of appellant.

To the investigating officer, appellant vehemently denied having molested the children by placing his tongue on their bodies; stated that at no time were the girls in his home in the absence of his 5-year-old son; that the latter went to dancing school every Wednesday morning; that he worked at an aircraft factory from 4:15 p. m. to 12:49 a. m.; that his wife leaves her shift at 3:45 p. m.; that on a day prior to the crimes when the girls watched his boy urinate, he told them it was not proper and asked them if they had ever played with themselves.

Appellant produced the witness Munar, who testified that on August 4 he and appellant were away from "defendant's house in the morning until noon," when the witness departed. He produced two women of his neighborhood who knew that he enjoyed a good reputation for chastity, virtue, and morality; and also one who testified that he had the same reputation at the factory where he worked. Appellant testified to an alibi: that he recalled August 4, 1954, the day he took Mrs. Heaton and her three daughters to her mother's house where he left them; that he and Munar shopped for automobile parts and worked on his car until noon when Munar departed. He admitted he left the two oldest Heaton girls at home on August 5th when he drove their mother to her mother's again; that the door to his bedroom was warped, would not close completely, that it remained open about half an inch, and stuck.

I.

■ With the evidence in such a state, it does not require the soul of an Elijah to convict a man of a crime so revolting. To convict appellant, it was required only that the jury

believe the little girl's testimony and reject the arguments presented for the defense. The jury decided that the child witness had spoken the truth. The trial court having approved of the verdict, this court is powerless to interfere. "We must assume in favor of the verdict the existence of every fact which the jury could have reasonably deduced from the evidence. . . ." (*People* v. *Newland,* 15 Cal.2d 678, 681 [104 P.2d 778].) Our sole task is to determine whether the facts found are sufficient to constitute a violation of section 288, *supra.* We cannot hold otherwise; also, if the evidence reasonably justifies the verdict, this court is powerless to hold that because the evidence might in our opinion reasonably be reconciled with the innocence of the accused, such conclusion will not warrant a reversal. (*People* v. *Daugherty,* 40 Cal.2d 876, 885 [256 P.2d 911] ; *People* v. *Newland, supra*; *People* v. *Kristy,* 111 Cal.App.2d 695, 698 [245 P.2d 547].)

The jury's finding is not to be criticized because of inconsistencies in the child's testimony. Her untrained mind could not be expected to function perfectly in reporting an event. Testifying before a court, in the presence of strange, curious faces, often deflects the reportorial genius of more experienced witnesses. The alibi is not perfect. The little son is not shown to have pounded on the door, during its closed period. The witness Munar left the premises at noon. Conflicts in testimony are resolved by the jury as is also testimony that justifies a suspicion; but after it is once believed and merged into a finding, it has ceased to be an Achilles' heel in the contest to determine guilt. (*People* v. *Johnston,* 73 Cal.App.2d 488, 493 [166 P.2d 633] ; *People* v. *Huston,* 21 Cal.2d 690, 693 [134 P.2d 758].) "A's" testimony contains no mark of falsity; neither does it appear physically impossible of a reasoning belief. Moreover, she was corroborated by appellant's own admissions that she was once in his bedroom with him, that the girls were frequently in his home, that he had transported Mrs. Heaton to her mother's on two successive days. Mrs. Heaton testified that she not only left the girls at home, but asked appellant to keep an eye on them. Little "A's" testimony is not to be discounted because she is a child of tender years. As a rule children make most convincing witnesses in reporting an occurrence. They are actuated by no motive to fabricate, to vilify or to asperse character while they are still innocent. The record contains no intimation that "A" was motivated

by hate or by any gainful advantage. Her testimony was substantial, solid and real.

## II.

Appellant's demand for a new trial on the ground that the jury did not "have an abiding conviction to a moral certainty" of appellant's guilt is not to be commended. Because two jurors reported after trial that they had changed their minds, appellant conceives that the jury was not convinced beyond a reasonable doubt. That is no ground for a new trial which *may be granted* only when the verdict has been decided by lot or "by any means other than a fair expression of opinion on the part of all the jurors." (Pen. Code, § 1181, subd. 4.) Conceding that it was true that fellow-jurors told them the jury would be locked up over the weekend if they should fail to arrive at a verdict, such a *statement by one of their own members does* not constitute such pressure as would deflect the integrity and honor of a citizen. ■ A juror may not impeach his own verdict except where the verdict has been reached by chance. (*People* v. *Reid*, 195 Cal. 249, 261 [232 P. 457, 36 A.L.R. 1435]; *People* v. *Chapman*, 91 Cal.App.2d 854, 856 [206 P.2d 4].) The jury deliberated about five hours before they reported their verdict.

## III.

Appellant contends that a new trial should have been granted because the *probata* did not correspond with the *allegata*. He deems himself to be aggrieved by reason of the allegation that the crime occurred on August 4 and that such date was verified by the prosecutrix and her mother and that his alibi was predicated upon such allegation. But while the information alleged "on or about the 4th day of August, 1954," the prosecutrix testified that the acts complained of occurred on one of the days her mother had gone to visit her grandmother which was established to have been August 5, Dennis' birthday.

■ In the first place, proof of the occurrence of an act on the day following that alleged is not a substantial variance. The fifth day was certainly *about* the fourth day. That much variance is not sufficient to mislead a prisoner in preparing his defense. (*People* v. *Williams*, 27 Cal.2d 220, 226 [163 P.2d 692].) ■ The precise time of a crime need not be declared in the accusatory pleading; it is sufficient if it alleges the commission of the offense at any time before the

filing of the information, unless the time "is a material ingredient in the offence." (Pen. Code, § 955.) No prejudice is shown to have resulted from the variance of one day between the allegation and the proof. ■ But if appellant had considered such variance of importance, it was his duty to subpoena witnesses with knowledge of his whereabouts on the new day and, if necessary, to ask for a recess of the trial to enable him to prepare his defense against the new day.

### IV.

Appellant contends that he was denied due process of law in that after he had rested his case the mother of A informed the district attorney that appellant's testimony with reference to August 4 was true, and that the prosecutor made "no attempt to correct the error which had been made and thereby give opportunity to appellant to properly defend himself of the accusations which were brought against him. . . . It was the District Attorney's duty to correct the error in the record by producing testimony to clear the record." Such behavior of the district attorney, appellant implies, was a contrivance to procure the conviction of appellant and is inconsistent with the rudimentary demands of justice, citing *Mooney* v. *Holohan*, 294 U.S. 103 [55 S.Ct. 340, 79 L.Ed. 791, 98 A.L.R. 406].

We find no such significance in the conduct of the district attorney as claimed by appellant. ■ "Due process of law is a summarized constitutional guarantee of respect for those personal immunities which . . . are 'so rooted in the traditions and conscience of our people as to be ranked as fundamental' . . . or are 'implicit in the concept of ordered liberty' . . ." (*Rochin* v. *People*, 342 U.S. 165 [72 S.Ct. 205, 208, 96 L.Ed. 183, 25 A.L.R.2d 1396].) The facts are: In support of his motion for a new trial, appellant filed an affidavit that vital information had been withheld, and that appellant's statement with reference to the mother's having told the prosecutor that appellant was correct as to the events of August 4 was true. A counteraffidavit was filed by the district attorney. The court had witnessed the trial; it considered the affidavits and then denied the motion. ■ It is the rule that where the trial court has refused to grant a new trial, the reviewing court must not interfere except upon a clear showing that the court below has abused its discretion. (*People* v. *Yeager*, 194 Cal. 452, 491 [229 P. 40]; *People* v. *Mandell*, 48 Cal.App.2d 806, 818 [120 P.2d 921]; *People* v.

*Gompertz,* 103 Cal.App.2d 153, 163 [229 P.2d 105]; *People* v. *Richard,* 101 Cal.App.2d 631, 635 [225 P.2d 938]; 8 Cal. Jur. p. 442, § 463.)

## V.

The 9-year-old witness, A, was competent to testify. She was intelligibly and discreetly questioned by the judge with relation to the meaning of the truth and of a lie; and she displayed such understanding as would warrant the conclusion that she knows the difference between truth and falsity, and that she should be accurate in her testimony. The court so concluded.

The only inhibition against the testimony of a child under 10 years of age is that it cannot be a witness if it appears incapable of receiving just impressions of facts or of relating them truly. (Pen. Code, § 1321.) If a child under 10 years of age appears to have such capacity, he is a competent witness. ██ When the trial judge has heard a child give his *testimony and has decided that he is a competent witness,* such determination is not a matter for review. The court's exercise of discretion cannot be reversed unless a clear abuse thereof has been proved. (*People* v. *Harrison,* 46 Cal.App.2d 779, 785 [117 P.2d 19]; *People* v. *Delaney,* 52 Cal.App. 765, 769 [199 P. 896]; *People* v. *Lamb,* 121 Cal.App.2d 838, 844 [264 P.2d 126].) None is shown.

## VI.

██ The prosecutrix was sufficiently sworn before giving her testimony. After the court had subjected her to many questions for the purpose of testing her understanding and reliability, and having determined that she was qualified, the clerk addressed her as follows: "Do you promise that everything you tell here today will be the truth, the whole truth, and nothing but the truth?" Because the judge had observed her under questioning, and especially after he had heard her testimony, he was vested with a broad discretion in determining her to be qualified. (*People* v. *Lamb, supra; People* v. *Meraviglia,* 73 Cal.App. 402, 410 [238 P. 794].) But, in any event, appellant failed to object to the witness at the trial or to move to strike her testimony. His present objection is too late.

The judgment and the order denying the motion for a new trial are affirmed.

McComb, J., and Fox, J., concurred.