36658.   CARR *v.* THE STATE.

Decided April 11, 1957.

*Wilbur B. Nall, W. George Thomas,* for plaintiff in error.

*George D. Lawrence, Solicitor-General, William A. Rice, Assistant Solicitor-General,* contra.

TOWNSEND, J. ■ Where movant seeks a continuance on account of the absence of a material witness but fails to show that such application is not made for the purpose of delay only, or that he expects to secure the witness's presence at the next term of court, it is not error for the trial court to refuse the continuance. *Cobb* v. *State,* 110 *Ga.* 314 (1) (35 S. E. 178); *Moulton* v. *State,* 18 *Ga. App.* 285 (1) (89 S. E. 341); *Nelson* v. *State,* 84 *Ga. App.* 596 (1) (66 S. E. 2d 751). Special ground 1 is accordingly without merit.

■ The testimony objected to in special ground 2 is not, as contended by movant, either an identification of the defendant

on trial as the person who robbed the witness, or a conclusion that these were the same persons without facts on which to base the conclusion. The witness stated that he could not say he would be able to recognize the robber, because he was scared at the time and because of the dark sun glasses and hat pulled down. He further described the appearance of the robber as best he could, thus leaving it to the jury to decide whether such description fitted the appearance of the defendant. Accordingly, this ground is without merit.

■ It is contended in special ground 3 that it was error to introduce in evidence certain checks stolen during the course of the robbery and later traced to the possession of the coindictee, Brooks. Whether or not this was error depends upon whether or not there was other evidence sufficient to authorize a finding that Brooks and the defendant were coconspirators on the night in question. *Burns* v. *State,* 191 *Ga.* 60 (8) (11 S. E. 2d 350). Conspiracy may be shown by circumstantial evidence, and by inference as a deduction from conduct. *Weeks* v. *State,* 66 *Ga. App.* 553 (18 S. E. 2d 503); *Johnson* v. *State,* 204 *Ga.* 528 (50 S. E. 2d 334). The evidence of the State, if believed by the jury, established that the defendant and Brooks were together immediately before and immediately after the robbery, and that both disappeared during the time the robbery was committed, and this plus other evidence as to the appearance of the defendant compared with the robber authorized an inference that if Brooks was connected with the robbery the defendant was also connected with it. Under these circumstances the checks, which would have been admissible against Brooks on his trial because coming from his possession, were also admissible against this defendant on his trial, other circumstances appearing which suggested a concert of action on the part of both during the time in question.

■ Special grounds 4 and 5 except to a long excerpt from the testimony of the defendant's alibi witness on cross-examination concerning whether or not the defendant and his wife were separated. The defendant's witness had stated that he and his wife spent the evening with them on the night in question, and the State was apparently trying to show (a) that defendant and his wife were separated at the time of the trial and also (b) that

they had been separated for a considerable period of time. The right to a thorough and sifting cross-examination belongs to every litigant. Code § 38-1705. The rule was applied in *Stephens* v. *State,* 16 *Ga. App.* 144 (3) (84 S. E. 560) to questions asked the defendant's alibi witness on cross-examination for the purpose of testing his memory, the correctness of his recollection, and the probability of his statements. Under the circumstances here it was not error to ask the witness whether the defendant and his wife had not been separated, nor to refuse the motion of defendant's counsel "to rule out any evidence of whether this man lived with his wife on any day except September 16." The questions did not, as contended, place the defendant's character in issue. Nor was it ground for a mistrial, as contended in special ground 6, that during the course of this cross-examination the court questioned the solicitor as to its relevancy, and the solicitor stated to the court that it was his contention that this line of testimony would show the defendant was not living with his wife but was just rambling. As stated, testimony as to whether the defendant and his wife were living together at the time of the robbery bears directly upon the credibility of the alibi witness, who said that they came together to visit him on the occasion of his birthday dinner. Testimony that the defendant and his wife separated at a later time has no such relevancy, except as it tests the recollection and credibility of the witness generally. The statement was made, not in argument to the jury, but in response to a question propounded by the court, and it was a statement, not of fact, but as to the State's contention. No error prejudicial to the defendant such as to warrant a mistrial is shown thereby.

■ Special grounds 7 and 8 complain that the court erred in charging the jury that, the indictment being general and not special, the jury might convict upon proof that the defendant robbed Mark Gladin of the property described in the indictment at any time within the 4-year period prior to the return of a true bill against him. While it is true that where the presentment is general the State need not prove the commission of an offense on the precise date alleged, but may show it to have been committed at any time within the period of limitation before the finding

of the indictment (*Clarke* v. *State*, 90 *Ga.* 448 (2), 16 S. E. 96; *Robinson* v. *State*, 209 *Ga.* 650 (7), 75 S. E. 2d 9), here the date on which the crime is alleged to have been committed and the evidence of the State as to the date thereof coincide. Also the evidence in support of the defense of alibi relates to the same date. Even where the evidence for the State shows a different date from that alleged in a general indictment, the date thereof having no particular materiality to the offense charged, the evidence relating to alibi must relate to the date of the commission of the crime rather than the date as alleged in the indictment. In *Fortson* v. *State*, 125 *Ga.* 16 (53 S. E. 767), relied upon by the plaintiff in error, the charge was construed by the Supreme Court to require the defendant to account for his whereabouts and show the impossibility of his presence at the place of the commission of the offense during the entire period of the statute of limitations instead of only the time and place of the commission of the crime as shown by the evidence for the State. Accordingly, this was held to be error. Here, there is no exception to the charge of the court on the defense of alibi. The exception is to the charge that the jury might convict upon proof that the defendant committed the crime charged in the indictment at any time within 4 years prior to its return. In order to have so convicted on the evidence before it, the jury must have found that the crime was committed at the time and place alleged in the indictment, testified to by witnesses for the State, and at the time testified to by alibi witnesses for the defense to the effect that the defendant was elsewhere. The charge complained of was in accordance with the law, was applicable, and does not constitute error.

■ As to the general grounds, the evidence, which has been set out in the statement of fact, supra, was sufficient to authorize the verdict. There was direct evidence of the corpus delicti. Circumstantial evidence connected the defendant with participation therein. In assessing this latter, the jury, if it believed (as it must have) the direct and positive evidence placing the defendant in the night club during the evening of September 16, necessarily disbelieved his sole defense of alibi which placed him in another locality during the entire evening. The description of

the robber matched that of the defendant and the automobile available to him during his unexplained two-hour absence at the time of the robbery, and a part of the proceeds were traced to the person with whom he was known to have spent the evening except for the two-hour period when the robbery took place, which person owned and used a car that night answering the description of that used by the robber. These and other facts, taken together, were sufficient to authorize the verdict of guilty.

The trial court did not err in denying the motion for new trial.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*