## 52257. CALDWELL v. THE STATE.

SUBMITTED MAY 24, 1976 — DECIDED JULY 9, 1976.

*Albert G. Ingram,* for appellant.
*Richard E. Allen, District Attorney, Stephen E. Curry, Assistant District Attorney,* for appellee.

WEBB, Judge.

Robert Caldwell was indicted for aggravated assault which was alleged to have occurred on August 12, 1974. Caldwell's sole defense was to be alibi for that date. At trial, however, the district attorney, in his opening statement, informed the jury that the evidence would show that the offense was committed on September 12 rather than on August 12 as alleged in the indictment. Defendant's counsel made no motion for continuance or postponement because of the time discrepancy, nor did he move to limit the state to the date alleged in the indictment. Instead he proceeded to make his opening statement, telling the jurors that he would prove an alibi for "the time and place and date alleged in the indictment."

On direct examination the investigating officer testified that the shooting occurred on September 12. Rather than objecting to this testimony on the ground that the time testified to varied from the time alleged, defendant's counsel chose to cross examine the officer as to the date of the occurrence. Testimony was thus elicited from him that a typographical error had caused the police report to read August 12, which date apparently found its way onto the indictment.

The victim also took the stand and testified, again without objection, that the shooting occurred on September 12; and at the conclusion of her testimony the state rested. It was not until then that defendant's counsel, rather than moving for a continuance or postponement, moved for a directed verdict of acquittal on the ground that "as I heard this testimony this morning for the first time in this case, I was almost in a state of shock to learn that this incident occurred on September 12, 1974 and not August 12, 1974," and that the time variance deprived defendant of his sole defense of alibi for which he had subpoenaed witnesses.[1] The motion was overruled, and defendant was convicted. This appeal followed.

---

[1]The alibi defense was rendered worthless since "the evidence relating to alibi must relate to the date of the

1. Defendant properly complied with an order of this court directing the filing of the enumeration of errors and the brief, and the motion to dismiss the appeal is denied. Rule 14(a), this court (Code Ann. § 24-3614 (a)).

2. The trial court, in overruling the motion for directed verdict of acquittal, relied upon the general time-variance rule exemplified by *Brown v. State,* 82 Ga. App. 673, 675 (62 SE2d 732): "From the earliest times, both in England and in Georgia, it has been held that unless time is an essential element of the offense charged,[2] the time of the commission of the offense alleged in the indictment . . . is immaterial; and, proof of the commission of the offense at any time prior to the finding of the indictment . . . will sustain a conviction if the proof also establish the commission of the offense within the statute of limitations." This rule extends back as far as *McLane v. State,* 4 Ga. 335, 341, and was reaffirmed as recently as *Jefferson v. State,* 136 Ga. App. 63, 66 (220 SE2d 71). See the numerous citations under catchword "Time," Code Ann. § 27-701, and those in Georgia Digest, Indictment & Information, Key No. 176. See also 41 AmJur2d, Indictments and Informations, § 268. Thus, at least until *De Palma v. State,* 225 Ga. 465 (169 SE2d 801), it could safely be said that unless time was of the essence of the crime, or was expressly made material, a time discrepancy did not create a "fatal variance" between the allegata and the probata. *Manning v. State,* 123 Ga. App. 844 (1 b) (182 SE2d 690).

In *De Palma v. State,* 225 Ga. 465, 469, supra, the Supreme Court adopted the "fatal variance" rule of

---

commission of the crime rather than the date as alleged in the indictment." *Carr v. State,* 95 Ga. App. 513, 518 (98 SE2d 231).

[2]As where an act is innocent if done at one time but criminal if done at another, such as keeping open a tippling house on the Sabbath. *Werner v. State,* 51 Ga. 426. Or where the date alleged is expressly made an essential averment to the transaction. *Clark v. State,* 131 Ga. App. 68 (205 SE2d 71); *Worley v. State,* 88 Ga. App. 786 (77 SE2d 769).

Berger v. United States, 295 U.S. 78, 82 (55 SC 629, 79 LE 1314): " 'The general rule that allegations and proof must correspond is based upon the obvious requirements (1) that the accused shall be definitely informed as to the charges against him, so that he may be enabled to present his defense and not be taken by surprise by the evidence offered at the trial; and (2) that he may be protected against another prosecution for the same offense.' " Since *De Palma* the trend has been away from overly-technical applications of the fatal variance rule, at least with respect to the description or amount of the stolen property,[3] the owner or possessor of the stolen property,[4] and the manner of committing the crime.[5]

---

[3] *Bell v. State,* 227 Ga. 800, 801 (183 SE2d 357); *Colton v. State,* 231 Ga. 502 (202 SE2d 444); *Seabolt v. State,* 234 Ga. 356 (1) (216 SE2d 110); *Dobbs v. State,* 235 Ga. 800, 801 (221 SE2d 576); *Matthews v. State,* 236 Ga. 867; *Reece v. State,* 125 Ga. App. 49 (1) (186 SE2d 502); *Howard v. State,* 128 Ga. App. 807 (6) (198 SE2d 334); *Holbrook v. State,* 129 Ga. App. 129 (2) (199 SE2d 105); *Leachman v. State,* 132 Ga. App. 423, 424 (208 SE2d 196); *Burkett v. State,* 133 Ga. App. 728 (3) (212 SE2d 870); *Butler v. State,* 134 Ga. App. 131 (7) (213 SE2d 490); *Roberts v. State,* 137 Ga. App. 208 (1b) (223 SE2d 208). But see *Farr v. State,* 127 Ga. App. 120 (192 SE2d 500); *Williamson v. State,* 134 Ga. App. 864 (216 SE2d 684) (description of drug). Cases such as *Farr v. State,* holding the variance fatal, must be read in the light of *Dobbs v. State,* 235 Ga. 800, 801, supra, overruling and disapproving prior cases holding variances fatal.

[4] *Massey v. State,* 226 Ga. 703 (5) (177 SE2d 79); *Bell v. State,* 227 Ga. 800, 801, supra; *Hunt v. State,* 229 Ga. 869 (1) (195 SE2d 31); *Byers v. State,* 236 Ga. 599 (225 SE2d 26); *Holbrook v. State,* 129 Ga. App. 129 (1) (199 SE2d 105); *Hall v. State,* 132 Ga. App. 612 (208 SE2d 621); *Ingram v. State,* 137 Ga. App. 412 (3b) (224 SE2d 527). But see *Moore v. State,* 130 Ga. App. 186 (202 SE2d 556) (owner of burglarized premises).

[5] *Green v. State,* 124 Ga. App. 469, 470 (184 SE2d 194); *Mize v. State,* 131 Ga. App. 538, 539 (1) (206 SE2d

But whether the *De Palma* standard would be violated with respect to a time variance does not appear to have been decided by our courts. Defendant contends that although a time variance may not ordinarily be material, as held in the general time-variance cases, supra (which, however, like the five cases to follow, do not consider *De Palma),* the rule should be otherwise where an alibi defense is asserted, and that the time of the offense should be held to be a material issue in an alibi case. Neither defendant nor the state cites any authority on this point, and we do not find that the question has been directly ruled upon by either of our appellate courts.

The only cases bearing upon the subject are *Fortson v. State,* 125 Ga. 16 (53 SE 767), *Carr v. State,* 95 Ga. App. 513 (98 SE2d 231), *Gravitt v. State,* 220 Ga. 781, 783 (141 SE2d 893), *McGruder v. State,* 213 Ga. 259 (98 SE2d 564), and *Carmichael v. State,* 228 Ga. 834 (2) (188 SE2d 495). See also *Dacy v. State,* 17 Ga. 439, 441; *Tipton v. State,* 119 Ga. 304 (3) (46 SE 436). In *Fortson v. State,* 125 Ga. 16, supra, the Supreme Court held a charge erroneous which required the defendant to account for his whereabouts and show the impossibility of his presence at the place of the commission of the offense during the entire period of the statute of limitation instead of only the time and place of the commission of the crime as shown by the evidence for the state.

In *Carr v. State,* 95 Ga. App. 513, supra, where the defense was alibi, the court charged the jury that a conviction was authorized upon proof that defendant committed the crime charged in the indictment at any time within four years prior to its return. This court, in holding that the charge was not reversible error, stressed that the date alleged in the indictment, the date of the crime as shown by the state's proof, and the date of the

530); *McHugh v. State,* 136 Ga. App. 57 (220 SE2d 69); *Clark v. State,* 138 Ga. App. 266. See also *Watson v. State,* 137 Ga. App. 530 (7) (224 SE2d 446). But see *Royal v. State,* 134 Ga. App. 203 (213 SE2d 561). Compare *Hancock v. State,* 127 Ga. App. 21 (192 SE2d 435); *Evans v. State,* 138 Ga. App. 640.

alibi all coincided so that presumably the jury was not misled by the charge.

The same result was reached in *Gravitt v. State,* 220 Ga. 781, supra, where the Supreme Court, in refusing to reverse because of a similar charge, stated that "All of the State's evidence showed that the robbery occurred on the date charged in the indictment. . . The evidence for the defendant supporting his contention that he was not at the scene of the crime at the time of its commission related to this same date and time. In order to convict the defendant the jury must have believed that he committed the crime on the date charged in the indictment." p. 784.

*McGruder v. State,* 213 Ga. 259, 260, supra, bears some factual similarity to the instant case. In *McGruder* the indictment alleged that the crime occurred on September 27. The prosecutor, in his opening statement, stated that he intended to prove that the offense was committed on September 3 rather than September 27 as alleged. Defendant moved that the state be limited to the date alleged in the indictment because alibi was his main defense. The trial court overruled the motion and evidence was admitted, over objection, that the offense was committed on September 3. The Supreme Court found no reversible error in these rulings, noting that no request for continuance was made and that witnesses testified to an alibi for September 3, apparently rendering any error harmless.

Finally, in *Carmichael v. State,* 228 Ga. 834, supra, the indictment alleged that the crime occurred on February 1 while the evidence showed that it was committed on January 31. The trial court charged, in effect, that a conviction was authorized for an offense committed on a date other than that alleged in the indictment. However, there was no evidence of alibi, and the Supreme Court stated in affirming: "There is no indication by this record that the appellant was deprived of any Constitutional right by reason of the fact that the indictment charged one date, whereas the crime actually occurred shortly before midnight on the day before. No alibi evidence was offered, nor was any continuance requested on the ground of surprise that the evidence showed the commission of the crime on a date different

from that shown in the indictment, and that additional time would be needed to procure alibi testimony to account for the appellant's whereabouts on that date." p. 837.

This latest ruling of the Supreme Court is indicative of the view that the existence of an alibi defense renders the time of the offense material, since a variance in time may deprive the defendant of that defense. Courts in other jurisdictions which have considered the question reach the same conclusion.[6] As stated in State v. Whittemore, 255 N.C. 583, 592 (122 SE2d 396): "True, the time named in a bill of indictment is not usually an essential ingredient of the crime charged, and the State may prove that it was in fact committed on some other day. [Cits.] But this salutary rule, preventing a defendant who does not rely on time as a defense from using a discrepancy between the time named in the bill and the time shown by the evidence for the State, cannot be used to ensnare a defendant and thereby deprive him of an opportunity to adequately prepare his defense."

---

[6] *California:* People v. Morris, 3 Cal. App. 1 (84 P 463 (5)); People v. Waits, 18 Cal. App. 2d 20 (62 P2d 1054); People v. McCullough, 38 Cal. App. 2d 387 (101 P2d 531 (1)); People v. Neighbors, 79 Cal. App. 2d 202 (179 P2d 647 (1)); People v. Brown, 186 Cal. App. 2d 889 (9 Cal. Rptr. 53, 56); People v. Jones, 9 Cal. 3d 546 (108 Cal. Rptr. 345, 510 P2d 70 (13)).

*Connecticut:* State v. Horton, 132 Conn. 276 (43 A2d 744 (1)).

*Iowa:* See State v. Luce, 194 Iowa 1306 (191 NW 64, 66 (8)).

*Kansas:* State v. Abbott, 65 Kan. 139 (69 P 160 (2)).

*Michigan:* See People v. Smith, 58 Mich. App. 76 (227 NW2d 233 (12)).

*Missouri:* State v. Socwell, 318 Mo. 742 (300 SW 680, 683 (7)); State v. Campbell, 324 Mo. 249 (22 SW2d 645); State v. Hamlin, 351 Mo. 157 (171 SW2d 716); State v. Chittim, 261 SW2d 79 (1) (Mo.); State v. Bowles, 360 SW2d 706 (7) (Mo.).

*North Carolina:* State v. Whittemore, 255 N.C. 583

We hold that alleging one date in the indictment and proving another at trial when a defense of alibi as to the date alleged is relied upon violates the *De Palma* requirement "that the accused shall be definitely informed as to the charges against him, so that he may be enabled to present his defense and not be taken by surprise by the evidence offered at the trial."

This does not mean, however, that time becomes an essential ingredient of the *offense* so that a variance may be taken advantage of by motion for directed verdict of acquittal or on the ground of insufficiency of the evidence, as urged in this appeal. In order to reach this

---

(122 SE2d 396 (10, 11)); State v. Poindexter, 21 N.C. App. 720 (205 SE2d 145) (2)).

*Oregon:* State v. Coss, 53 Ore. 462 (101 P 193 (2)). Accord, State v. Francis, 126 Ore. 253 (269 P 878 (6)).

*Pennsylvania:* Commonwealth v. Boyer, 216 Pa. Super. 286 (264 A2d 173 (1)).

*South Carolina:* State v. Pierce, 263 S.C. 23 (207 SE2d 414 (2)).

*Utah:* State v. Waid, 92 Utah 297 (67 P2d 647 (4, 5)). Accord, State v. Cooper, 114 Utah 531 (201 P2d 764, 769 (9)) (importance of time issue where there is danger of double jeopardy).

*Washington:* State v. King, 50 Wash. 312 (97 P 247 (6); State v. Coffelt, 33 Wash.2d 106 (204 P2d 521 (2)); State v. Brown, 35 Wash.2d 379 (213 P2d 304 (1, 2)); State v. Pitts, 62 Wash.2d 294 (382 P2d 508 (4, 6)), followed State v. Huston, 71 Wash.2d 226 (428 P2d 547, 553 (11)). Compare State v. Severns, 13 Wash.2d 572 (125 P2d 659, 667 (13)). See also State v. Morden, 87 Wash. 465 (151 P 832) ("alibi" for prosecuting witness).

*Wyoming:* Esquibel v. State, 399 P2d 395 (6) (Wyo.)).

But see M.J.S. v. People, 478 P2d 720 (2) (Colo. App.); State v. Correia, 106 R.I. 655 (262 A2d 619 (3)); Hash v. State, 48 Ariz. 43 (59 P2d 305, 307 (5)), giving effect to statute.

Some notice-of-alibi statutes require the prosecutor to specify the time and place of the offense. Annot., 45 ALR3d 958, § 30.

result, it would be necessary to hold that the assertion of the alibi defense rendered the date alleged in the indictment an essential allegation so that the state was required to prove that date and no other. We do not find this proposition supported by the cases. The better rule, and the one which we adopt, is that the state may prove any date within the period of limitations as held in the general time-variance cases, supra; but if defendant, relying upon an alibi defense for the time alleged in the indictment, is surprised and prejudiced by a time variance, upon his motion therefor he will be afforded sufficient time to prepare his defense to meet the new date.[7]

This is the rule recently adopted by the State of Washington courts after long experience with the alibi time-variance problem: "We are now constrained to approve the rule that the state need not, by election, fix a precise time for the commission of an alleged crime, when it cannot intelligently do so.[8] In such case, the defendant will be afforded sufficient time to defend himself and substantiate his defense of alibi. Assignment of error will support a reversal, if, and when, too flexible an application is prejudicial to a defendant." State v. Pitts, 62 Wash.2d 294, 299 (382 P2d 508).

Similarly, in State v. Pierce, 263 S. C. 23, 27 (207 SE2d 414), the Supreme Court of South Carolina stated: "While it is true that the State need not prove the exact

---

[7] *Fraser v. State,* 112 Ga. 13, 14 (37 SE 114), affirming the refusal of a motion for postponement based upon surprise at trial where a time variance developed, does not require a different result since alibi was not involved. Moreover, as previously noted, the *De Palma* standard has not been considered in these time-variance cases.

The same observations apply to *Jones v. State,* 101 Ga. App. 851, 857 (115 SE2d 576), where a motion for continuance was made because of a substituted indictment changing the date of the alleged offense, but where defendant had four days notice of the change.

[8]Compare People v. McCullough, 38 Cal. App. 2d 387 (101 P2d 531).

date set forth in the indictment unless time is an essential element of the offense or is made a part of the description of it [cits.], the State should not be allowed to prove a different date than that set forth in the indictment where defendant relies upon the defense of alibi, unless the defendant is held to have had knowledge that the State would attempt to prove a different date upon trial. In such a case it is proper for the trial judge, after allowing amendment of the indictment,[9] to declare a mistrial and allow defendant time to attempt to establish an alibi defense for the different date."

And as held in State v. Christian, 154 La. 915 (1) (98 S 418): "Where, in a prosecution for unlawfully selling intoxicating liquors for beverage purposes, the indictment charged that the offense was committed on May 29th, and all the witnesses testified that it was committed on a Sunday in April, the appropriate proceeding would have been to amend the indictment to show the proper date; and, if such amendment would take defendant by surprise, his remedy would be to request time to procure evidence."

Other cases also indicate that defendant must make a *motion for continuance, postponement or recess* if he is surprised by a time variance. The California courts, which, like those of Washington, subscribe to the view that alibi makes the time of the offense a material issue (note 6, supra), require such a motion. In People v. Cook, 136 Cal. App. 2d 442 (288 P2d 602), where defendant predicated his alibi on the date alleged in the in-

---

[9]Since the assertion of an alibi defense does not make time an essential part of the crime charged, and proof may be made that the offense occurred anytime prior to the return of the indictment and within the statute of limitation, it appears unnecessary to amend the indictment even if allowable. See *Gentry v. State,* 63 Ga. App. 275 (11 SE2d 39). This works to the advantage of the accused since acquittal or conviction operates as a bar to further prosecution for any offense of the nature charged within the limitation period. *Grantham v. State,* 117 Ga. App. 444 (1) (160 SE2d 676).

formation, but the proof at trial showed the crime was committed on a different day, it was held that a new trial would not be granted where defendant had not moved for a continuance to enable him to prepare his defense against the new day.

Similarly, as stated by the California court in People v. Brown, 186 Cal. App. 2d 889 (9 Cal. Rptr. 53, 56): "The latitude of variance shown by the evidence is, therefore, the same in alibi cases as in all others [anytime within the period of limitations]. But if a defendant, relying on the defense of alibi, is taken by surprise by evidence as to the date of the crime, he should be given a continuance if he requests one. . . The difference between alibi cases and other cases is not in the permissible variance, but is in the giving of instructions."[10]

And as held in People v. Cox, 259 Cal. App. 2d 690 (66 Cal. Rptr. 576, 580), also an alibi case involving a time variance: "it is proper procedure for defense counsel where he is surprised by a [time] variance to seek a continuance . . . Therefore, although defendant in the case at bench was harmed by the variance, he did not ask for a continuance as he was required to do, and cannot complain now on appeal when he could have corrected the problem in the court below." Accord, State v. Johnson, 20 N. J. Super. 93, 96 (89 A2d 482); State v. Timney, 2 Conn. Cir. 644 (8, 9) (204 A2d 417); Commonwealth v. Maroney, 196 Pa. Super. 539 (176 A2d 178 (6)). Other cases are collected in State v. Hoover, 219 Ore. 288 (347 P2d 69).

In Russell v. United States, 429 F2d 237, a Fifth Circuit case, the indictment alleged that the offense occurred on February 19, 1967. After the jury had been empaneled, the prosecuting attorney notified the court

---

[10]Virtually all of the cases in note 6 deal with erroneous charges, such as charging in an alibi case that time of the offense is not material. *Carr v. State,* 95 Ga. App. 513, supra, and *Gravitt v. State,* 220 Ga. 781, 783, supra, also dealing with charges, may benefit from a re-examination in the light of those cases. See also 75 AmJur2d 652, Trial, § 722.

that the date alleged in the indictment was a typographical error, the correct date being February 19, 1966. Defendant contended that the change in dates which the trial court allowed deprived him of potential defenses and otherwise prejudiced him in preparing his defense. In rejecting this claim, the court said: "Moreover, the record reflects that the defendant, as well as his retained counsel, was aware of the erroneous date but did not file a bill of particulars to clarify the allegation nor move for a continuance in order to prepare a defense for the earlier date." p. 238.

These cases requiring that a motion for continuance be made are in accord with *McGruder v. State,* 213 Ga. 259, 260, supra, and *Carmichael v. State,* 228 Ga. 834, 836, supra. As previously noted, the *Carmichael* court stated (p. 834): "nor was any continuance requested on the ground of surprise that the evidence showed the commission of the crime on a date different from that shown in the indictment, and that additional time would be needed to procure alibi testimony to account for the appellant's whereabouts on that date." Accord, *Davis v. State,* 135 Ga. App. 203, 206 (217 SE2d 343) (continuance or mistrial, not exclusion of testimony of all witnesses, is remedy for late furnishing of list of witnesses).

In the instant case defendant had ample opportunity to move for a postponement or continuance as the trial began, but he did not do so. Nor did he object to the introduction of evidence varying from the indictment at the time it was tendered, as to which see Madison v. State, 234 Ind. 517 (13) (130 NE2d 35), or move for a continuance at that time, as to which see State v. Bitting, 162 Conn. 1 (291 A2d 240 (10)). Instead he waited until the state had rested and only then sought an outright acquittal for a typographical error in the indictment. While this has been the ultimate result where a clerical error resulted in the insertion of a "v" instead of a "c" in the indictment alleging theft of a Mark 16 Nar$_{(c)}^{(v)}$o aircraft radio, serial No. 11-FM 7 (*Marchman v. State,* 234 Ga. 40 (215 SE 2d 467)),[11] the instant variance should have been

---

[11]"We think to turn criminals loose upon such immaterial variances and pure technicalities would be a

complained of by an appropriate motion for time to prepare a defense to meet the new date. Cf. *Hunnicutt v. State,* 135 Gᴬ App. 774 (1) (219 SE2d 22); *Lamar v. State,* 153 Ga. 216 (6) (111 SE 914). We hold that the trial court did not err in denying the motion for directed verdict of acquittal, and that the time variance involved here cannot be reached by such motion or by the usual general grounds.[12] While it would have been preferable for the trial court, sua sponte, to make an offer of additional time in which to attempt to establish an alibi defense for the different date, we will not hold that he was compelled to do so.

3. Remaining enumerations fail to demonstrate reversible error.

*Judgment affirmed. Quillian, J., concurs, Deen, P. J., concurs in the judgment only.*

---

travesty upon the administration of criminal law." *Haupt v. State,* 108 Ga. 60, 62 (33 SE 829).

[12]"Of course, where the variance is of such a character or so great that an essential allegation of the offense has not been proved, there also may be a failure of evidence to sustain the verdict or finding. In such a case the error also may be raised under such a specification in a motion for a new trial, or on a motion for a directed verdict or finding. It should be noted that the error raised in such a way is predicated primarily upon a total failure of proof of an essential element of the crime charged and not upon a mere variance in the proof." Madison v. State, 234 Ind. 517, supra, p. 549. Compare *Roberts v. State,* 131 Ga. App. 316 (205 SE2d 494); *Williamson v. State,* 134 Ga. App. 864 (216 SE2d 684); *Marchman v. State,* 234 Ga. 40 (215 SE2d 467).

"[V]agueness as to *time* of occurrence, when some specificity is possible, can be so extreme that there would be insufficient evidence to make a prima facie case on whether an unlawful *act* occurred." State v. Taylor, 533 P2d 822, 823 (Ct. App. Ore.). Accord, People v. McCullough, 38 Cal. App. 2d 387 (101 P2d 531). See also *Givens v. State,* 105 Ga. 843 (32 SE 341) (date of crime not sufficiently proven).