[No. 7311. Decided September 12, 1908.]

## THE STATE OF WASHINGTON, *Respondent*, v. DAVE KING, *Appellant*.[1]

CRIMINAL LAW—TRIAL—DIRECTING STATEMENT OF DEFENSE. Under Bal. Code, § 4993, the accused has no option to refuse to state his defense upon the close of the plaintiff's case.

TRIAL—MISCONDUCT OF COURT—COMMENTS. It is not unlawful comment on the evidence for the court, in directing the defendant to state his defense, to say that the nature of the case is such that the jury ought to know how defendant intended to meet the state's case.

SAME—PROVINCE OF COURT AND JURY—INSTRUCTIONS—CREDIBILITY OF WITNESS. It is prejudicial error, in giving an instruction as to an alibi, to preface the same by a remark that the court did not think it necessary, where the credibility of the accused on that point was directly in issue; as the same disparages the defense and infringes upon the province of the jury.

SAME—MISLEADING INSTRUCTIONS—ALIBI — MATERIALITY OF TIME. Where the state's evidence fixed the date of an offense as being between the 12th and 15th of a certain month, and upon the defense of an alibi there was evidence that the defendant was home, sick in bed, during that period, it is misleading and error, instructing upon the subject of the alibi, to state that the exact date is immaterial and it is sufficient if the defendant committed the crime at any time within three years, etc.

SAME—APPEAL—DECISION—IMPROPER SENTENCE—NEW TRIAL. A new trial will not be ordered, where the sentence is improper, but the case will be remanded for a proper sentence.

Appeal from a judgment of the superior court for Spokane county, Poindexter, J., entered July 2, 1907, upon a trial and conviction of obtaining money under false representations. Reversed.

*Del Cary Smith* and *L. J. Birdseye*, for appellant.

*R. M. Barnhart* and *George A. Lee*, for respondent.

[1]Reported in 97 Pac. 247.

MOUNT, J.—The appellant was convicted of the crime of obtaining money by false and fraudulent representations. He appeals from the judgment sentencing him to an indefinite term in the penitentiary. After the state had closed its evidence, the court directed counsel for the defense to state his defense to the jury. Whereupon counsel for the defendant said, "Is not this an unusual proceeding? I thought it was optional on the part of the defense whether they made a statement or not." When the court said: "It is a matter within the discretion of the court, and I direct you to make a statement of your defense. The nature of the case is such that I think the jury ought to know how you intend to meet the state's case." Whereupon counsel, after saving an exception, stated in substance that the defense would be an alibi. The statute in reference to the manner of conducting jury trials provides:

"The plaintiff must briefly state his cause of action, and the evidence by which he expects to sustain it. The defendant may in like manner state the defense, and the evidence he expects to offer in support thereof; but nothing in the nature of comments or argument shall be allowed in opening the case. It shall be optional with the defendant whether he states his case before or after the close of the plaintiff's testimony." Bal. Code, § 4993 (P. C. § 607).

The inference here is clear that the defendant has no option after the close of plaintiff's testimony. It was not error, therefore, for the court to direct the statement. It is perhaps true that this statute is directory, and that the court and counsel may waive the provisions thereof, but certainly no prejudicial error is apparent from the fact that the court required the counsel to state what his defense would be.

"Neither party has the right to take the other by surprise by reserving the disclosure of material facts or points of law until it was too late for them to be duly weighed and examined." Wharton, Criminal Pleading and Practice (8th ed.), p. 382.

It is also claimed that the statement of the court that "the nature of the case is such that I think the jury ought to know how you intend to meet the state's case," was a comment upon the facts. We think this is not such a comment as will alone justify a reversal.

In his instructions to the jury, the court said:

"I am requested to give the jury an instruction on the matter of an alibi. I don't think it is necessary to instruct this jury on that point; however, I will explain to the jury what that means. Alibi, as it is called, is a Latin word—lawyers are very fond of using Latin words—which means 'elsewhere'—that he was somewhere else at the time the crime was committed; and it was not necessary to say to the jury that if he was not there he could not be guilty. And if he committed the crime, he was there, and if the jury have any reasonable doubts about his having been there, they should acquit him. It was not claimed that he acted through any other person. The state claims that he committed this crime in person, and of course he could not do so without being there in person. It was for the jury to determine the place and time when this offense was committed. I will say in that connection that the exact date is immaterial. It does not make any difference, so far as the crime is concerned, if the defendant committed the crime as charged at any time within a period of three years prior to the time the information was filed—that is, three years preceding the 29th day of May, 1907—it is sufficient."

Appellant contends that the remark of the court, "I don't think it was necessary to instruct the jury on that point," tended to disparage the defense in the mind of the jury. We think this criticism has merit. This remark was prompted by one of two ideas—either that the evidence tending to prove an alibi was unworthy of consideration, or that the jury already knew the legal effect of such proof. In either event, the remark was clearly reversible error, because there was evidence which tended to prove that the defendant was at his home in bed sick, when the crime was committed. It was ex-

clusively the province of the jury to consider and pass upon the credibility of this evidence, uninfluenced by the trial judge as to its credibility. There is nothing in the record to show that the jury were informed or knew the legal effect of an alibi, if proven in the case, and it was therefore the duty of the court to give to the jury the law upon the question.

The statement of the court that, "I will say in that connection that the exact date is immaterial. It does not make any difference so far as the crime is concerned if the defendant committed the crime as charged at any time within the period of three years prior to the time the information was filed," etc. was misleading and erroneous in the connection in which it was used. The witnesses for the state had fixed the date when the crime was committed as being between the 12th and 15th day of February, 1907. The defense was that the defendant was not the person who obtained the money, and that he was sick at home, unable to leave his room between those dates. The time of the commission of the crime was therefore clearly material. There are many cases where no issue is based upon the time when the crime was committed. In such cases this instruction would be correct, but was misleading and erroneous in this case because the time was definitely fixed by the state, and the defense of an alibi was based upon that time. It is difficult to imagine a case where the time of the commission of a crime is not material to the defense of alibi. Aside from these erroneous statements, the instructions appear to cover the law of the case.

It is also argued that the sentence which was imposed upon the appellant is indefinite, and was imposed under a law passed after the commission of the crime, and is for that reason void. If we were to hold that the sentence was improper the cause would not be sent back for a new trial on that account, but would be remanded for a proper judgment. *State v. Gilluly, ante* p. 1, 96 Pac. 512. It is not necessary therefore to consider this assignment further be-

cause a new trial must be had for reasons above stated.

The assignments of error which we have not noticed contain no merit and for that reason we have passed them by. The judgment appealed from is reversed for the reasons given above, and the cause is remanded for a new trial.

HADLEY, C. J., ROOT, and CROW, JJ., concur.

RUDKIN and FULLERTON, JJ., took no part.