[No. 16830. Department One. April 11, 1922.]

THE STATE OF WASHINGTON, *Respondent,* v. CHARLES HART, *Appellant.*[1]

CRIMINAL LAW (226)—INDICTMENT AND INFORMATION (95)—ELECTION BETWEEN ACTS—ISSUES, PROOF AND VARIANCE—TIME OF OFFENSE. In a prosecution for statutory rape by sexual intercourse on four alleged occasions, in which the defense is an alibi on the date relied upon, the state's election makes the date material, notwithstanding Rem. Code, § 2060, providing that it is not essential to prove an offense on the exact date charged.

CRIMINAL LAW (226)—ELECTION BETWEEN ACTS. In such a case, defendant's admission of an attempt to commit the offense, without fixing the time and place, does not warrant the submission of an instruction on the offense of attempting to rape, when there was no evidence of any act on the day charged.

Appeal from a judgment of the superior court for King county, Card, J., entered April 13, 1921, upon conviction of attempted carnal knowledge of a child. Reversed.

[1]Reported in 205 Pac. 836.

*Albert D. Martin* and *Wm. R. Bell,* for appellant. .
*Malcolm Douglas* and *Bert C. Ross,* for respondent.

MITCHELL, J.—The appellant was charged by an information with the crime of carnal knowledge of a female child not his wife. He was by a jury found guilty of attempted carnal knowledge of the girl, and has appealed.

We shall notice only two assignments of error: (1) The giving of an instruction; and (2) the denial of a motion for a new trial.

The prosecuting witness testified that the appellant had sexual intercourse with her on four occasions: About March 12, 1920; March 19, 1920; April 20 to 25, 1920; and June 7, 1920. The acts occurred at different places, the last one at 3410 Albion Place, Seattle. It appears that she testified fully and frankly that each transaction was a completed act. She did not mention any other occasion, nor did she testify that he attempted to have sexual intercourse with her at any time that he did not fully accomplish his purpose. Another witness for the state, one Harry A. Cook, testified that, after the appellant was apprehended, he was present at an office at the police headquarters building when a representative of the prosecuting attorney's office questioned the appellant concerning the complaint against him, and that the appellant denied the accusation, but later admitted he had attempted sexual intercourse with the girl. At the close of the state's case, upon motion of counsel for the appellant, the state elected to stand upon the act testified to have occurred on June 7.

The defense was a denial of any improper relations with the prosecutrix, and an alibi. There was an abundance of evidence to support the alibi, but it, of course, was a matter for the jury.

After instructing the jury generally, including the law upon the subject of the crime charged, the court submitted to them the lesser offense of attempt to commit the crime charged. The instruction was as follows:

"An act done with intent to commit a crime and tending, but failing, to accomplish it, is an attempt to commit that crime. Every person who shall do any act with intent to commit the crime of carnal knowledge of a child, and tending, but failing to accomplish it, shall be guilty of the crime of attempted carnal knowledge of a child."

The giving of this instruction, duly excepted to, is one of the errors assigned. Certainly there is no testimony in the case showing anything but completed acts of sexual relations, other than the testimony of Harry A. Cook; and his testimony as to the admission made by the appellant does not invest that admission with the remotest idea of either place or time. If the testimony had been that the appellant had admitted he made an attempt on June 7, 1920, or at the place the girl testified the completed act, relied on by the state, took place, the instruction would be differently circumstanced; but, as the case was made, the state having elected to stand upon that date as the time of the offense for which a conviction was asked, and she having testified as to the place, the instruction was erroneous.

Section 2060, Rem. Code (P. C. § 9273), provides that the precise time when the crime was committed need not be stated, but it may be alleged to have been committed at any time before the date of the signing of the indictment or filing of the information and within the time an action may be commenced therefor. But there is the added qualification contained in the section of an exception where the time is a material

ingredient. However, the proposition presented in this case is one of proof and not of pleading. It is a question of proof in a case where the defense is a general denial supplemented by that of an alibi, which is always a proper procedure under the general issue of "not guilty." In the case of *State v. Moss*, 73 Wash. 430, 131 Pac. 1132, which was a prosecution for adultery, wherein a number of acts were shown and wherein there was no defense of alibi, the court, after finding there had been, in legal effect, an election by the state to rely on a particular act for a conviction, said:

"While under Rem. & Bal. Code, § 2060, the precise time at which the crime was committed need not be stated in the indictment or information, but may be placed at any time prior to the finding of the indictment or filing of the information within the time in which the action may be commenced, and while this latitude is usually allowable both in allegation and proof, still when an election is made, on proof of several acts, to rely upon an act committed at a specific time, the accused can only be convicted of the specific act constituting the offense committed at about that time and intended to be so designated and distinguished from other acts in evidence."

The case of *State v. King*, 50 Wash. 312, 97 Pac. 247, 16 Ann. Cas. 322, is in point. The defendant had been convicted of the crime of obtaining money under false pretenses. The defense was an alibi. The jury were instructed:

" 'I will say in that connection that the exact date is immaterial. It does not make any difference so far as the crime is concerned if the defendant committed the crime as charged at any time within the period of three years prior to the time the information was filed, . . .' "

Upon holding the instruction to be misleading and erroneous, it was said:

"The witnesses for the state had fixed the date when the crime was committed as being between the 12th and 15th day of February, 1907. The defense was that the defendant was not the person who obtained the money, and that he was sick at home, unable to leave his room between those dates. The time of the commission of the crime was therefore clearly material. There are many cases where no issue is based upon the time when the crime was committed. In such cases this instruction would be correct, but was misleading and erroneous in this case because the time was definitely fixed by the state, and the defense of an alibi was based upon that time. It is difficult to imagine a case where the time of the commission of a crime is not material to the defense of alibi."

The case of *State v. Morden,* 87 Wash. 465, 151 Pac. 832, is to the same effect. It was a case of rape, in which the prosecuting witness definitely fixed the exact date of the offense on a day when she was working for the defendant on his premises, and the defendant undertook to establish an alibi for the prosecutrix by showing she was not working for the defendant, nor on his premises, on that day. The jury were instructed that the date charged was not a material allegation and that it was enough for the state to prove any other day on or about that date, within three years. This court held the instruction was wrong and reversible. It was said:

"The time charged was, therefore, as clearly material as it would have been had the defense been an alibi."

The case of *State v. King, supra,* was relied on, and, continuing, it was said:

"In all reason, as it seems to us, it is just as difficult to imagine a case where the defense is that the

victim of a personal assault was not present at the time and place when the assault must have been committed, if at all, in which the time of the commission of the offense would not be material to such a defense. While under the statute, Rem. & Bal. Code, § 2060 (P. C. 135 § 1025), it is not essential that the precise time of the offense charged be alleged in the indictment or information, the question here presented is not one of allegation, but of proof and of the necessity for an instruction applicable to the proof.''

It would be entirely irregular and without reason to say the rule is applicable to the offense charged and not applicable to the crime of an attempt to commit that offense. The effect of an election on the part of the state is to waive, as a basis upon which a conviction shall primarily rest, all other similar acts disclosed by the proof. It must be held that it likewise effectuates a waiver of any and all proof of an attempt to commit the crime charged, unless such proof tends to show that the attempt occurred on the day specified in the state's election. There was no such proof in this case, and hence the instruction complained of should not have been given. The motion for a new trial should have been granted.

Our conclusion does away with any necessity to discuss other assignments of error.

Reversed and remanded with directions to grant a new trial.

PARKER, C. J., TOLMAN, and BRIDGES, JJ., concur.