THE STATE OF WASHINGTON, *Respondent*, v. WESLEY COFFELT, *Appellant.*[1]

*W. F. Phillips* and *Henry Clay Agnew,* for appellant.

*Howard V. Doherty* and *Dana E. Harper,* for respondent.

SIMPSON, J.—The prosecuting attorney of Clallam county, by information filed in the superior court, charged the appellant with the commission of crimes. The first three counts charged assault in the second degree upon three minor children, "with intent to commit a felony with or on the person of said female, the said Wesley Coffelt then and there forcibly placing his hands and arms on and around the person of the said ................................ ................................" The fourth

[1] Reported in 204 P. (2d) 521.

count in the information charged the crime of kidnaping. Appellant was found guilty of third-degree assault on each of the first three counts, and not guilty of kidnaping.

On appeal, appellant assigns as error on the part of the trial court (1) in denying the challenge to the sufficiency of the evidence; (2) in denying the motion for new trial; and (3) in the giving of instructions Nos. 3 and 9.

In brief, the evidence produced at the trial, which the jury were entitled to believe, was: One girl (count I), aged thirteen years, was in her home washing dishes when appellant appeared to inquire about two old cars which were in the yard. Ascertaining that the girl was alone, he grabbed her wrist, asked her if she wanted to make a couple of "bucks," and when she told him to let her go or she would scream and started screaming, he hit her and left. A neighbor heard the girl scream, ran to the house, and found her crying and hysterical.

Count II. The prosecuting witness named in this count was ten years of age. She testified that, November 23, 1947, while she was returning home from Sunday School, appellant offered her a ride in his car. The girl refused the invitation. Appellant then parked his car on a private roadway between the main road and her home, and, when she came along, said he wanted to show her something, pulled her down a side path, put his coat on the ground, and told her to sit on it. When she refused, he put his hand over her mouth and told her he would hurt her if she made a noise.

Count III. The girl mentioned in count III was twelve years of age. Appellant got her in his car with the promise that he would take her to school. Instead of taking her to school, he turned off the school road onto a side road. The little girl attempted to get out of the car, but was restrained by appellant. When she opened the door, he slammed it on her foot. However, she managed to leave and ran to the home of her sister, who lived a short distance away.

Our legislature has defined second- and third-degree assault, as follows:

"Every person who, under circumstances not amounting to assault in the first degree . . . (6) Shall assault

another with intent to commit a felony . . . shall be guilty of assault in the second degree. . . ." Rem. Rev. Stat., § 2414 [P.P.C. § 113-39].

"Every person who shall commit an assault or an assault and battery not amounting to assault in either the first or second degrees, shall be guilty of assault in the third degree. . . ." Rem. Rev. Stat., § 2415 [P.P.C. § 113-41].

In *State v. Rush,* 14 Wn. (2d) 138, 127 P. (2d) 411, we held:

"We are committed to the rule that an assault is an attempt, with unlawful force, to inflict bodily injury upon another, accompanied with the apparent present ability to give effect to the attempt if not prevented. Within this definition, one would be guilty of assault, if he raised his hand in anger with an apparent purpose to strike and sufficiently near to enable the purpose to be carried into effect."

It is perfectly clear that the evidence produced at the trial, measured by the above rule, was sufficient to prove third-degree assault. There can be no doubt but that appellant committed the assaults with the possible intent of committing more serious crimes.

Appellant presses upon us the error of the trial court in giving instruction No. 3:

"In order to find the defendant guilty of assault in the Second Degree in each or any of the charges in the Information in this case, it is necessary that you shall find from the evidence beyond a reasonable doubt in each such charge or count, the following essential elements of that offense.

"1. In Count I, involving ................................................:

"(a) That the defendant, Wesley Coffelt, did assault the said ..............................

"(b) That such assault was made with intent to commit a felony, towit: to take indecent liberties with or on the person of said ..............................

"(c) That the said .............................. is a female under the age of fifteen years.

"(d) That said assault occurred within three years last past.

"(e) That the said assault occurred in Clallam County, State of Washington.

"You are instructed that the Information likewise charges the defendant with having committed the crime of Assault in the Second Degree in two other counts: Counts II and

III refer respectively to an alleged assault committed on ........................................................................................ on the 23rd day of November, 1947, and on one ........................................................................ on the 11th day of December, 1947.

"As to Count III, the State has failed to adduce any evidence to support the charge of assault in the Second Degree. Therefore as to this count you will determine from the evidence only whether the defendant is guilty, beyond a reasonable doubt of the crime of assault in the third degree, on .................................................... on the 11th day of December, 1947.

"In order to convict the defendant as charged in reference to .................................................... [girl named in count II] you must find each and all of the matters set forth in sub-paragraphs (a) to (e) inclusive."

As to each of the counts in this case, the prosecuting witness fixed the date exactly, and as to each of the counts appellant called numerous witnesses to prove that he was not at the place indicated in the evidence produced by the state.

■ It is the position of counsel for appellant that the portion of the instruction, lettered (d), which states that, other facts being proven, the jury may convict him if the act had been committed within a three-year period preceding the filing of the information, was improper, in view of the definite testimony which sought to establish an alibi.

We decided, in *State v. Severns,* 13 Wn. (2d) 542, 125 P. (2d) 659:

"It may be admitted that it is sufficient, in the absence of the defense of an alibi, to charge and prove that the act was committed on or about a certain date, and within three years next preceding the filing of the information, but when the complaining witness has fixed the exact time when the act charged was committed, and the defense is an alibi, the commission of the crime on the exact date so fixed is the controlling issue, and the jury should be instructed that they must find the act to have been committed at that time. *State v. Morden,* 87 Wash. 465, 151 Pac. 832."

Respondent urges that the statement just quoted was dictum, in that the judgment in the *Severns* case was reversed on another point, and that the statement made was merely one to help on retrial. We cannot agree with counsel.

The statement relating to the proof of the exact time the crime was committed, in cases in which an alibi was made, was but one of the errors assigned in the cited case. In any event, the quoted portion of the opinion states the law, and we now definitely adopt it as a rule of decision in this state. The statement relating to the time element referred to the charges in each count. However the court modified its instruction as to that portion of count III which charged the crime of assault in the third degree. As to that part of the count, the court distinctly charged that the state must prove that the crime was committed on *"the 11th day of December 1947."* In our opinion, the instruction was proper, and the evidence justified the verdict in so far as count III is concerned.

■ Another issue has been presented for our consideration, but is not before us, for the reason that no assignment of error was made, as required by Rule of Supreme Court 16 (5), 18 Wn. (2d) 18-a. We have adhered to this rule in *State ex rel. Linden v. Bunge,* 192 Wash. 245, 73 P. (2d) 516, and in *Hafer v. Marsh,* 16 Wn. (2d) 175, 132 P. (2d) 1024.

The judgment will be reversed as to counts I and II and affirmed as to count III.

JEFFERS, C. J., BEALS, SCHWELLENBACH, HILL, and GRADY, JJ., concur.

MALLERY, J. (dissenting)—The defendant submitted no requested instruction on the defense of alibi to the court. The court correctly instructed the jury on the defense of alibi. No exception was taken to the instruction. No assignment of error is predicated upon it. So far as this case is concerned, it must be conclusively presumed that the jury was correctly instructed on the defense of alibi.

The appellant complains of subsection (d) in the third instruction of the court. It will be noticed that instruction No. 3 as set out in the opinion is a general one, applying to all of the counts in the information. The appellant was acquitted on count IV.

It will also be noticed in the instruction complained of that the date on count II is definitely fixed as of November 23, 1947, and that no date on count I is given in that instruction. The import and meaning of clause (d) in the third instruction is no more than that the offenses in all the counts must have been found to have been committed within three years last past, that being the statutory period of limitations. In the face of a correct instruction on the defense of alibi, does inclusion of subsection (d) in instruction No. 3—"that said assault occurred within three years last past" constitute reversible error? Appellant concedes that it is a proper instruction where a defensive alibi is not interposed. Indeed, in the absence of a defense of alibi it would have been reversible error to have omitted clause (d), because it would have permitted conviction for an offense against which the statute of limitations had run.

Does that proper and usual instruction become reversible error because a defense of alibi has been interposed? I think not. Where a proper instruction is given on the defense of alibi, I agree that it can be omitted in a case where the date relied on falls within the statutory period, and that its omission would not be reversible error, but I do not agree that including it amounts to any more than surplusage, since it only tells the jury to find the obvious fact that dates within the statute of limitations are within the statute. It was not reversible error. Whatever the rule in *State v. Severns,* 13 Wn. (2d) 542, 125 P. (2d) 659, may be, the record in this case allows us no opportunity to apply it, since the appellant is not complaining about the court's instruction on alibi.

I concur in the decision as to count III and dissent as to counts I and II.

STEINERT and ROBINSON, JJ., concur with MALLERY, J.