321 P.2d 1017

STATE of Arizona, Appellee,

v.

James WALKER, Appellant.

No. 1109.

Supreme Court of Arizona.

Feb. 26, 1958.

Maurice M. Stern and Paul G. Rees, Jr., Tucson, for appellant.

Robert Morrison, Atty. Gen., and L. Alton Riggs, Sp. Asst. Atty. Gen., for appellee.

UDALL, Chief Justice.

James Walker, defendant-appellant, was informed against, tried, and convicted by a jury of the crime of robbery, a felony (A.R.S. § 13–641). After denial of his motion for new trial the court pronounced judgment and as punishment sentenced defendant to serve not less than ten nor more than twelve years in the state penitentiary. Defendant has appealed from this judgment of conviction.

Specifically the defendant was charged with robbing one Gene Molina. The court, at request of defendant, appointed attorney Maurice M. Stern to represent him. The purported facts need not be recited in detail; suffice it to say that practically all of the State's evidence tended to establish a typical case of strong-arm robbery, in a dimly-lit alley, at approximately one a. m. on December 31, 1956, by two men, one of whom was positively identified by the victim as the defendant

Walker. The sole defense interposed was an alibi. In accordance with Rule 192, Rules of Criminal Procedure, 17 A.R.S., defense counsel, prior to trial, filed a notice of alibi, and later an amended notice thereof, wherein he named a half dozen witnesses whom he intended to call to establish this defense. Such witnesses did appear and testified at the trial that defendant, at all times between 11 p. m. on the night of December 31, 1956 and the early morning hours of January 1, 1957, was with them at a party celebrating "New Year's Eve". The State made no effort to contradict this evidence as it had alleged, both in the criminal complaint before the magistrate and in the information, that the crime was committed on or about December 31, 1956. The proof offered by the State in establishing the robbery covered the period from 11 p. m. on the night of December 30th to one a. m. on December 31, 1956, and it was at the latter hour that the State claims the robbery actually occurred. The deputy county attorney, in his opening statement to the jury, made this point crystal clear. It will thus be seen that the evidence adduced by the State and that by defendant, respectively, are referring to the whereabouts of defendant at two different periods, 24 hours apart.

It is claimed the evidence, as a matter of law, was insufficient to support the jury's verdict. We note that no motion for a directed verdict was ever made by defense counsel. From the foregoing recitation of facts it is obvious that there is no merit to this contention as the evidence, in our opinion, was amply sufficient to support the jury's verdict finding defendant guilty as charged.

■ Defendant's principal assignment of error is that a fatal variance exists between the time the crime was purportedly committed and the time alleged in the information. He contends this variance between pleading and proof constituted such surprise as to prevent his obtaining a fair and impartial trial. It is further urged this surprise entitles him to a new trial even though he asked for no continuance to enable him to meet the issue as then presented. The basis for this contention is that time is very material where a notice of alibi has been filed.

The problem presented, i. e., the necessity of establishing a known time when the alleged offense occurred so as to enable a preparation of alibi is a real one since to assume defendant knows which date to prepare for necessitates a presumption he knows when the crime was committed. This presumption is foreign to the premise each defendant is innocent until proven guilty. This must be countered with the statutory provisions made for faulty memory or inaccuracy of the date of occurrence. Rule 118, Rules of Criminal Procedure provides that unless time of the commission is necessary under Rule 115,

Rules of Criminal Procedure, an allegation in the information of "on or about" such time is sufficient. Time is not a material ingredient of the crime of robbery. We considered alibi as a defense when time was not an issue in Hash v. State of Arizona, 48 Ariz. 43, 59 P.2d 305, 308, and concluded an "on or about" allegation of time is sufficient under the law. In that case we stated:

"* * * If by interposing an alibi as a defense a defendant can compel the prosecution to elect the precise time the act relied upon for conviction took place, the leeway the statute allows for faulty memory or inaccuracy of date of occurrence is abolished. While the identification and isolation as to time and place of the act relied upon are necessary, the precise day or date of its occurrence need not be designated. But if the election is that it occurred on or about a given date, as 'on or about the 15th day of May, 1935,' it is sufficient under the law, and evidence supporting such election will sustain a conviction." (Citing case.)

See also State v. Colvin, 81 Ariz. 400, 307 P.2d 106; State v. Elias, 74 Ariz. 374, 249 P.2d 941.

Upon the face of the record before us there is no variance between the allegations of the information and the proof. The original complaint, the order holding defendant to answer, and the information all state that the crime was committed "* * * on or about the 31st day of December, 1956 * * *", and the proof unerringly establishes the time as being "about 1 A.M." of that day.

The controlling principle of law is well stated in 23 C.J.S. Criminal Law § 1431 at page 1133, concerning the timeliness of objection where surprise is claimed:

"As in other cases where a new trial is sought, a party will not be permitted to sit mute, claim no surprise in the trial, speculate on the verdict, and, when it is found against him, claim the right to the new trial on the ground of surprise, the usual rule being that in order to save the point, he must ask for a continuance or postponement. The most common application of this rule is with relation to surprise at the evidence. In such case a new trial will not be granted in order to enable accused to produce countervailing evidence, where he fails to ask for a continuance or postponement at the time of the surprise or to take other steps to avoid its consequences." (Citing cases.)

See also 39 Am.Jur., New Trial, section 151.

If at the trial defendant is surprised by the evidence and a sufficient showing is made thereof, and of his inability to meet the variance in proof, then it would

be reversible error for the court not to grant sufficient time to prepare the necessary change in defense. People v. Kircher, 333 Ill. 200, 164 N.E. 150; cf. State v. Jones, 195 La. 611, 197 So. 249. But such a problem is not here presented as there was no claim of surprise at the trial.

We hold that the urging of such a claim on a motion for new trial is not timely.

Judgment affirmed.

WINDES, PHELPS, STRUCKMEYER and JOHNSON, JJ., concur.