361 P.2d 4

**STATE of Arizona, Appellee,**

v.

**Jean Marie SIMMERING, Appellant.**

No. 1178.

Supreme Court of Arizona.

April 12, 1961.

Larry L. Dier, Tucson, Attorney for appellant.

Wade Church, former Atty. Gen., Stirley Newell, former Asst. Atty. Gen., Harry Ackerman, Pima County Atty., and Fred R. Sands, Deputy County Atty., Tucson, for appellee.

UDALL, Justice.

Defendant was charged with forgery on or about the 10th day of August, 1959. Her chief defense was alibi. The jury returned a verdict of guilty. On appeal defendant's sole assignment of error is the giving of a certain instruction hereinafter referred to. For the reasons given hereinafter, we conclude there was no prejudicial error and that the conviction must therefore be affirmed.

Although the allegation of the information was that the crime was committed "on or about" the 10th day of August, all the state's proof shows that it was in fact the 10th day of August between 2:00 and 5:00 p. m. The facts presented at trial showed that on that day three forged checks were passed in the city of Tucson. Although defendant was charged with the forgery of only one of the checks there were three positive eyewitness identifications of defendant as the person passing the checks. The state further presented evidence positively identifying the handwriting on the checks as defendant's.

Defendant's alibi evidence was at best equivocal. She testified that she worked two shifts that day (August 10, 1959) at the Ozark Cafe. The shifts were from 7:00 a. m. to 3:00 p. m., and from 3:00 p. m. to 11:00 p. m. She nowhere said that she remained at the cafe at all times during the shifts despite the fact that the state's witnesses positively testified to seeing her at three places other than the cafe during that afternoon. One of defendant's wit-

nesses produced a time card which showed that defendant worked only the morning shift. Another witness said he remembered working the second shift with defendant some time around the 10th of August; according to the time cards in evidence that would have been the 11th. He did not testify concerning any time prior to the second shift, nor between the hours of 2:00 and 3:00 p. m. No other testimony even remotely helps defendant's alibi. Aside from alibi testimony defendant offered only her own denial that she forged the check charged.

In the face of this evidence the trial court gave, among others, the following instructions:

"You are instructed that the State need not prove that the crime charged was committed on the exact day or days charged in the Information. If you find that the Defendant committed the crime as I have defined it to you, it is then sufficient, if the evidence shows beyond a reasonable doubt the crime was committed on or about the 10th day of August, 1956 [sic], and before the filing of this Information. Incidentally, the Information in this case was filed on the 28th of December.

"The Defendant has interposed in this case what is known as an alibi. In law, an alibi is an effort to show that the Defendant did not commit the crime charged against him *because at the time he was in another place* so far away that he could not have committed the alleged crime or in a situation preventing him or her from committing the crime charged in the Information.

"The burden of proof never rests upon the accused to prove his innocence or to deprive—or to disprove the facts necessary to establish the crime with which she is charged, nor does this burden of proof rest upon the accused when he undertakes to prove an alibi. *The Defendant's presence at or participation in the commission of the crime or [sic] affirmative material facts that the State of Arizona must prove to your minds beyond a reasonable doubt before you can convict the Defendant.*

"You are further instructed that you must carefully consider all of the evidence in the case, including the evidence relating to the alibi, and determine from the whole evidence whether or not it is shown beyond a reasonable doubt that the Defendant committed the crime alleged, *and if by reason of the evidence in relation to such alibi you should entertain a reasonable doubt, then it is your duty to return a verdict of not guilty although you may not be able to say that the alibi has been fully proved.* (Emphasis supplied.)

██ Defendant complains of the giving of the first quoted paragraph concerning the

duty of the state to prove the exact day the crime was committed. Under Rule 118, Rules of Criminal Procedure, 17 A.R.S., this paragraph correctly states the law. And, by a mere imposition of a defense of alibi defendant cannot compel the state to elect an exact day. Hash v. State, 48 Ariz. 43, 59 P.2d 305; State v. Walker, 83 Ariz. 350, 321 P.2d 1017. However, defendant claims that where the defense is alibi and the state does make an election, as in this case where all the state's evidence positively fixes the day of the crime on August 10th, the time of the crime becomes a material element and an exception to the general rule arises. Defendant cites authority for the position that under this exception the giving of the disputed instruction might tend to mislead the jury. See, e. g., People v. Waits, 18 Cal.App. 2d 20, 62 P.2d 1054; 53 Am.Jur., Trial, § 645.

Defendant admits that State v. Elias, 74 Ariz. 374, 249 P.2d 941, and State v. Colvin, 81 Ariz. 400, 307 P.2d 106, seem to hold contrary to her position but asks us to overrule those cases. The facts of both cases were essentially the same as the case at hand in that both cases involved the defense of alibi and state's proof positively fixing the time of the crime. From the Elias case we cannot tell what instruction was given nor the context in which given. However, as set out in the opinion, we can see how the instruction given in the Colvin case might tend to mislead the jury. In so far as the Colvin case is authority for giving the instruction there given in that context or is inconsistent with our expressions here, it is expressly overruled.

■ In considering whether an instruction might tend to mislead the jury, the instructions should be considered as a whole and isolated sentences or portions of an instruction should not be separated from the context in which it is given. Kinsey v. State, 49 Ariz. 201, 65 P.2d 1141, 125 A.L.R. 3; State v. Sorrell, 85 Ariz. 173, 333 P.2d 1081; State v. Vallejos, 89 Ariz. 76, 358 P.2d 178.

■ Applying this test to the case at hand we do not think it was reversible error to give the disputed instruction (considerably different in emphasis from that given in the Colvin case) in view of the instructions concerning alibi which followed this one. We think that any possibly misleading concepts embodied in the disputed paragraph were dominated and controlled by the central thought of the alibi instruction, obtruding itself from the beginning to the end of each paragraph, to the effect that the burden was on the state to establish defendant's guilt beyond a reasonable doubt and that the state had not met its burden if the alibi evidence and all the rest of the evidence taken together left the jury in any doubt that the state had proved the

defendant's presence at or participation in the crime. Singh v. State, 35 Ariz. 432, 280 P. 672, 67 A.L.R. 129.

The jury could not go beyond the range of the evidence offered by the state to prove guilt. Everything in the instructions given tended to confine the jury to the evidence offered and in no way authorized or suggested that the jury could go beyond the range of the state's evidence in fixing guilt. Thus the combined impact of state's evidence, limited as it was to the exact date of August 10th, and a proper and liberal alibi instruction gave defendant the full benefit of the defense of alibi.

In view of the total impact of the instructions as a whole coupled with the state's multiple positive identification of the defendant as the forger both by eyewitnesses and handwriting comparisons counterbalanced only by the most equivocal alibi evidence, we do not think the instruction complained of was prejudicial. The judgment of the trial court is affirmed.

STRUCKMEYER, C. J., and JENNINGS and LOCKWOOD, JJ., concur.

BERNSTEIN, Vice Chief Justice (dissenting).

I agree with the majority that the disputed instruction was error and that the Colvin case should be overruled. However, I cannot agree that the error did not constitute reversible error. The instruction in effect states that time is immaterial in the proof of the crime alleged.

The issue presented by the uncontradicted testimony was that the defendant committed the act of forgery between the hours of 2:00 and 5:00 P.M. on August 10, 1959. The defendant, after having given advance notice to the state and the court of her intention to offer testimony to establish an alibi pursuant to rule 192, subd. B, Rules of Criminal Procedure, 17 A.R.S., proceeded to defend by alibi. The defendant by raising the defense of alibi thus made the time of the commission of the crime a material issue in the case. Hash v. State of Arizona, supra; State v. Chittim, Mo., 261 S.W.2d 79; State v. Pace, 187 Or. 498, 212 P.2d 755; State v. Waid, 92 Utah 297, 67 P.2d 647; State v. Cooper, 114 Utah 531, 201 P.2d 764; People v. Waits, 18 Cal.App.2d 20, 62 P.2d 1054; State v. Coffelt, 33 Wash.2d 106, 204 P.2d 521; State v. Severns, 13 Wash.2d 542, 125 P.2d 659. There was no foundation upon which the jury could have found that the crime occurred at any other time. Under the disputed instruction given by the trial court that:

"* * * If you find that the Defendant committed the crime as I have defined it to you, it is then sufficient, if the evidence shows beyond a reasonable doubt the crime was committed on or about the 10th day of August, 1956.

[sic], and before the filing of the Information. * * *",

it was possible for the jury to believe the alibi and yet find the defendant guilty beyond a reasonable doubt by reasoning that the state's witnesses were mistaken about the exact date, thus nullifying the effect of the alibi. State v. Chittim, supra.

There can be little doubt that this instruction was erroneous. Instructions must be applicable to the proof offered in the trial. A jury cannot go outside the evidence presented in rendering a verdict. Pacific Greyhound Lines v. Uptain, 81 Ariz. 359, 306 P.2d 281; Eldredge v. Miller, 78 Ariz. 140, 277 P.2d 239.

In State v. Severns, supra, the court stated [13 Wash.2d 542, 125 P.2d 667]:

"It may be admitted that it is sufficient, in the absence of the defense of an alibi, to charge and prove that the act was committed on or about a certain date, and within three years next preceding the filing of the information, but when the complaining witness has fixed the exact time when the act charged was committed, and the defense is an alibi, the commission of the crime on the exact date so fixed is the controlling issue, and the jury should be instructed that they must find the act to have been committed at that time. State v. Morden, 87 Wash. 465, 151 P. 832." State v. Severns, supra; State v. Coffelt, supra.

In considering this rule this court said in Hash v. State of Arizona, supra [48. Ariz. 43, 59 P.2d 308]:

"We do not understand that the court in State v. Hart, 119 Wash. 529, 205 P. 836, 837, cited by defendant, has laid down a different rule. In that case the question was the applicability of the instructions to the proved or admitted facts. The court there held that if the evidence show, or it is admitted, that the act relied upon occurred at a particular time and place, it is error to instruct the jury, where the defense is an alibi, 'that the exact date is immaterial,' if the prosecution was commenced before the crime was barred by limitation. The court was announcing the universal rule: *That the instruction must always have same relation to and bear upon the facts of the case.*" (Emphasis ours.)

It is impossible, after the verdict, to ascertain which instruction the jury followed or what effect the erroneous instruction had in their deliberations. In such case the giving of the erroneous instruction is prejudicial to the right of the defendant to have a fair trial. See, e. g., State v. Waid, 92 Utah 297, 67 P.2d 647.

The majority fails to recognize the significance of the erroneous instruction but instead discounts it as technical and harmless error by saying it did not mislead the

jury. I am unable to conceive in what manner the error can be considered merely technical and harmless. The law in safeguarding the rights of a defendant in having a fair trial by jury permits the jury alone to weigh the evidence and determine the credibility of the witnesses. In weighing the evidence the jury is limited to the evidence presented at the trial. Such responsibility is given the jury for the common sense reason that they and not the appellate court observe the demeanor of the witnesses, observe the interest or lack thereof of the witnesses and can thus determine the weight to be given to each witness' testimony. An instruction, such as the present one, permitting the jury to speculate outside the evidence in their deliberations substantially affected this right and constituted fundamental error.

This court does not decide the issue of guilt, does not consider the credibility of the witnesses, and does not invade the jury's province.

The majority in weighing the evidence concerning the defendant's alibi chose to give greater weight to the state's witnesses. In reviewing the record, I find that the alibi evidence was not equivocal as the majority states. There were two witnesses called by the defendant in support of her alibi. On direct examination both unequivocally stated she worked both shifts on August 10. They remembered it was the 10th by recalling that the night chef quit that day necessitating the defendant to remain for the second shift as a fry cook. On cross-examination the witnesses stated that the chef was off or quit a number of times but could not remember any specific date that occurred except August 10th. Mr. Greene had testified that defendant worked the second shift with him on August 10th. At no time during direct or cross-examination did he state it was on another day. However, by taking the following testimony given on cross-examination, out of context, the majority claim such alibi evidence was equivocal.

"Q. The fact is, is it not, Mr. Greene, that it might have been August the 11th or it might have been August the 12th or it might have been August the 7th that this cook quit and Mrs. Simmering filled in and worked a double shift? A. The reason I remember that particular day was on account of this shift and we had a kind of argument there and I remember it so well, and that was on the 10th.

\*    \*    \*    \*    \*    \*

"Q. It was someplace around August the 10th, was it? A. Yes, sir."

The majority's disregard of the defendant's alibi evidence and finding that it "was at best equivocal" involved the weight of the evidence and the credibility of the

witnesses which is the exclusive province of the jury.

The use of the harmless error doctrine means that the justices of this Court are returning their own verdict independent of the jury's, and based on this record on appeal. The justices are able to and do disregard the improper matter, but they cannot determine whether the jury did. Such a verdict based upon printed testimony results in a juryless trial. The majority here has refused to reverse because they concluded that the case was strong and the alibi evidence equivocal, although that conclusion turned on the majority's opinion as to the credibility of the witnesses and the weight to be given the evidence.

Are we thus to disregard errors no matter how substantial if upon a review of the evidence we are satisfied with the jury's verdict? Eventually such a determination will simply mean the abolishing of all the forms of law taught by experience to be necessary for the protection of the innocent, and the decisions of criminal cases on appeal will be based solely upon the facts as revealed by the cold record on appeal. If we are to maintain our system of trial by jury, the right of every defendant to be tried in accordance with the rules of criminal procedure, the rules of evidence and the established law must be respected.

" * * * It is often better that one guilty man should escape than that the .

general rule evolved by the dictates of justice for the conduct of criminal prosecutions should be disregarded and discredited." Maxwell v. The Director of Public Prosecutions, (1935) A.C. 309.

The judgment should be reversed and remanded for a new trial.