510 P.2d 37

STATE of Arizona, Appellee,

v.

Frank VERDUGO, Appellant.

No. 2357.

Supreme Court of Arizona,
In Banc.

May 25, 1973.

Gary K. Nelson, Atty. Gen., Thomas A. Jacobs, Asst. Atty. Gen., Phoenix, for appellee.

W. Clifford Girard, Jr., Phoenix, for appellant.

LOCKWOOD, Justice:

The defendant Frank Verdugo was convicted of second degree rape, on two counts, pursuant to A.R.S. § 13–611, subsec. B. He was sentenced to the Arizona State Prison for a period of not less than one and one-half nor more than two years on Count I and for a term of not less than one and one-half years nor more than two years on Count II, to run concurrently.

The following are the pertinent facts in this case. In July, 1969, the defendant was accused by an eleven year old girl of having sexual intercourse with her once in July, 1967, and once in the summer or fall of 1968. The testimony of the victim indicated that the alleged rapes occurred at Cora Verdugo's house, where she stayed on weekends and weekday afternoons. Mrs. Banks, the victim's mother, and the defendant had dated several years prior to the alleged events.

At the preliminary hearing, the defendant Frank Verdugo admitted being acquainted with the victim and having seen her on several occasions at Cora's house. Nevertheless, he denied any impropriety with the victim and pleaded not guilty to the crimes charged in the information.[1]

---

1. Included in the information were two counts of rape, second degree and two counts of child molesting. The latter two counts were dismissed and the defendant was only tried on the two counts of rape, second degree.

At the trial, the defendant put forth the defense of alibi to the 1968 rape charge.

The defendant claims that the trial court erred in refusing to dismiss a charge of rape when the State alleges an unspecified date. The defendant also raised as error the trial court's refusal to grant him a new trial based upon the insufficiency of the evidence.

Regarding defendant's first claim (the 1968 incident) he contends that the vagueness of the date prevented him from adequately presenting his defense of alibi, thereby denying him a fair trial.

The information charged that one of the incidents occurred "on or about the month of August". The defense counsel moved for a more specific date but his motion was denied. Further the witness for the prosecution testified to an even longer period of time during which the incident could have occurred:

"Q. When was the other time?

"A. In the Fall of '68.

"Q. Now are you able to ascertain the precise date that this second act took place?

"A. Well, the sergeant put down August, but I just said Fall.

"Q. I see. In other words, you are not able to determine the exact month or time this took place?

"A. I am not. It was in the afternoon, though.

"Q. I see. Do you know what day of the week it was?

"A. It was—it must have been a Saturday, because my mother works and she wasn't there most of the time.

"Q. I see. Who was at home on the day that this second event occurred?

"A. I don't remember. I am sure my cousins were there, though.

\*   \*   \*   \*   \*   \*

"Q. Why do you say that the second occurrance happened in the Fall of '68?

"A. Because it wasn't cold, it wasn't hot, and it was right before school.

"Q. Could it have been right after school?

"A. Could it have been?

"Q. Yes.

"A. No.

"Q. You remember the preliminary hearing, \* \* \*?

"A. Uh-huh.

"Q. And you said at the preliminary hearing, the question was directed to you, 'Well, let's talk about when school starts. Was it before or right after school started? Can you use that as a guide?

"And your answer was: 'I can't tell you before or after. It was around.' "

Thus the victim's testimony placed the incident as occurring in early September (the time of commencement of the school year).

■■ It has been held repeatedly that it is sufficient under the law that the precise time of the act is unnecessary to be proven, if it is alleged that it occurred "on or about" a given date. State v. Walker, 83 Ariz. 350, 321 P.2d 1017 (1958); Hash v. State, 48 Ariz. 43, 59 P.2d 305 (1936). Here the complaint alleges that it occurred "on or about the month of August". The exact time was not a material ingredient of the crime, unless it deprived the defendant of his defense of alibi. In this case it did not.

The defendant testified that he was working in Nashville, Tennessee during the summer and fall of 1968. In addition, several other witnesses from Tennessee testified that the defendant was there during August up till "Halloween", hence he was not prejudiced in the opportunity to secure witnesses to his alibi. The jury apparently failed to believe this testimony.

Regarding the 1967 rape conviction, the defendant contends that the evidence was

insufficient because the victim's testimony was uncorroborated.

Upon reviewing the sufficiency of the evidence to sustain a conviction, this court will view the evidence in the light most favorable to the state, and will resolve all reasonable inferences unfavorably to the defendant. State v. Hunter, 102 Ariz. 472, 475, 433 P.2d 22, 25 (1967); State v. George, 95 Ariz. 366, 368, 390 P.2d 899, 901 (1964).

The law is well settled that a conviction of rape may be had on the *uncorroborated* testimony of the prosecutrix. State v. Navarro, 90 Ariz. 185, 367 P.2d 227 (1961); State v. Merryman, 79 Ariz. 73, 283 P.2d 239 (1955). However, there was corroborating evidence in the fact that when the mother returned from a vacation trip, she found the victim's panties were torn in the crotch, but accepted the explanation that they had been snagged on a tree. This corroborated the victim's statement as to what she had been told by defendant to tell her mother.

As a result, the evidence was not insufficient.

"A conviction may be had under the law of Arizona upon the testimony of the prosecuting witness alone, and the truth of her story is for the jury * * *." State v. Navarro, *supra,* 90 Ariz. at 189, 367 P.2d at 230; Zavala v. State, 39 Ariz. 123, 126, 4 P.2d 390, 391 (1931). See also State v. Hilliard, 89 Ariz. 129, 359 P.2d 66 (1961).

In the present case, the jury accepted the victim's testimony and we believe there was substantial evidence to support the jury's verdict. See State v. Navallez, 10 Ariz. App. 135, 457 P.2d 297 (1969).

Judgment affirmed.

HAYS, C. J., CAMERON, V. C. J., and STRUCKMEYER and HOLOHAN, JJ., concur.