[Crim. No. 2917. Second Appellate District, Division Two.—December 4, 1936.]

THE PEOPLE, Respondent, v. NELSON WAITS, Appellant.

Morris Lavine for Appellant.

U. S. Webb, Attorney-General, and Bayard Rhone, Deputy Attorney-General, for Respondent.

McCOMB, J., *pro tem.*—This appeal is from a judgment of conviction after trial by jury of the offenses set forth in sections 288 and 288a of the California Penal Code.

Viewing the evidence most favorable to the respondent, the essential facts are:

April 7, 1936, between the hours of 10:30 A. M. and 1 P. M., appellant, according to respondent's witnesses, committed the acts prohibited by sections 288 and 288a of the Penal Code. Appellant relied upon an alibi, producing testimony that at 9 A. M. on April 7th he was at the office of the Federal Works Project, met three men and went to a meeting, after which at 12 o'clock noon he reported for work and worked until 5 P. M., for which he received pay from the federal government.

Appellant predicates prejudicial error upon the following instruction by the trial court:

"*The court instructs the jury that it is wholly immaterial on what day or night the offense was committed, provided you believe from the evidence that it was committed, and that the same was committed within three years prior to the filing of the information in this case.*"

The instruction correctly states the law with reference to the statute of limitations, but is erroneous as to the defense of alibi. In light of appellant's alibi defense, the time the alleged offenses were committed became material, and it was the duty of the trial court to limit the jury in its consideration of the evidence to the period which the prosecution selected as the time of commission of the offenses. (*People* v. *Morris*, 3 Cal. App. 1, 10 [84 Pac. 463].) It was, therefore, prejudicially erroneous for the trial court to instruct the jury, as set forth, *supra*, that it was wholly immaterial on what day the offenses were committed.

The judgment appealed from is reversed.

Crail, P. J., and Wood, J., concurred.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 31, 1936.