[Crim. No. 3928. Second Dist., Div. One. Mar. 7, 1946.]

THE PEOPLE, Respondent, v. JOHN NOTZ et al., Appellants.

Gladys Towles Root for Appellants.

Robert W. Kenny, Attorney General, Frank Richards, Deputy Attorney General, Fred N. Howser, District Attorney, and Jere J. Sullivan, Deputy District Attorney, for Respondent.

DORAN, J.—This is an appeal from a judgment of conviction and an order denying a motion for a new trial.

Defendants were accused by information of two offenses of grand theft after a prior conviction of a felony. Both defendants admitted the prior conviction. The two grand theft offenses of which defendants were adjudged guilty by a jury, consisted of the robbery of the operator of a liquor store and the theft of an automobile. A revolver was used by one of the defendants in the robbery referred to. There were several witnesses to the robbery, who later identified the defendants. The defense was an alibi.

It is contended by appellants that the trial court erred by instructing the jury that, "it is wholly immaterial on what day or night the offense charged in the information was committed, provided you believe from the evidence it was committed, and that the same was committed within three years prior to the filing of the information in this case."

In support of this contention, appellant relies on *People* v. *Waits,* 18 Cal.App.2d 20 [62 P.2d 1054]. The Waits case relies in turn on *People* v. *Morris,* 3 Cal.App. 1 [84 P. 463]. The latter case decided (at pp. 6 and 7) that, "While the misconduct of special counsel was such as to require the case to be remanded for a new trial, there is one other matter calling for attention"; then follows a reference to and consideration of the instruction on the subject of alibi. It should be noted in this regard that there is no resemblance between the situation presented in the Morris case and the case at bar. Moreover, the extreme presented by the Morris case on the subject of alibi instructions is not supported by the weight of authority. And, in any event, inasmuch as the decision was based on other grounds as above noted, reference to the subject of alibi instructions appears to be *obiter dictum.*

In the Waits case such an instruction was held to be prejudicial "In the light of appellant's alibi defense." It does not follow that such an instruction constitutes prejudicial error in all cases involving a defense of alibi. Standing alone, manifestly, it would be misleading. But, considered in connection with other instructions, there can be no confusion. Here the court elsewhere instructed the jury that, "The burden of proving the presence of the Defendants at the time and place of the alleged offense devolves on the prosecution, and the prosecution must prove, beyond a reasonable doubt, that they were present at the time and place of the alleged commission of said offense. It does not devolve on the Defendants to prove that they were not present, so that after a full and

fair consideration of all of the facts and circumstances in evidence, if you have a reasonable doubt as to whether or not the Defendants were at the place of the alleged crime at the time of its commission you are in duty bound to give the Defendants the benefit of that doubt and acquit them." Also, that, "An alibi simply means that the defendant was at another place at the time the crime charged is alleged to have been committed. All the evidence should be carefully considered by you, and, if the evidence on the subject, considered with all the other evidence, is sufficient to raise a reasonable doubt as to the guilt of the defendant, you should acquit him. It is sufficient to justify an acquittal if the evidence upon that point raises a reasonable doubt of his presence at the time and place of the commission of the crime charged, if you find that a crime was committed." The jury was fully instructed in other respects as required by law.

For the foregoing reasons, the judgment is affirmed.

York, P. J., concurred.

WHITE, J.—I concur in the judgment, but do so only because of the positive identification of the defendants as perpetrators of the crime charged, coupled with the fact that the testimony placed the time of the commission of the offense at "approximately 5:45 p. m." on the date charged in the information, as well as the fact that notwithstanding the challenged instruction the court gave the correct and proper instruction set forth in the main opinion. In my judgment the jury in the instant case were not misled.

However, I am firmly convinced that in cases where the defendant relies upon an alibi for his defense the instruction here under attack should not be given. And that is particularly true when the prosecution, as here, relies for conviction upon a specific date and hour. When a defense of alibi is interposed and an alleged offense is so narrowed as in this case, the date and even the hour may become important. The challenged instruction in such circumstances can have no applicability to the evidence in the case, may prove confusing to the jury, and in some cases, constitute prejudicial error. (*People* v. *Waits*, 18 Cal.App.2d 20, 21 [62 P.2d 1054].) As was so aptly and pertinently stated by Mr. Justice McComb in the case just cited, "In the light of appellant's alibi defense, the time the alleged offenses were committed became

material, and it was the duty of the trial court to limit the jury in its consideration of the evidence to the period which the prosecution selected as the time of the commission of the offenses.''