[Crim. No. 1182.   Fourth Dist.   Sept. 19, 1958.]

THE PEOPLE, Respondent, v. FRANK VELARDE, Appellant.

Theo. G. Krumm for Appellant.

Edmund G. Brown, Attorney General, William E. James and N. B. Peek, Deputy Attorneys General, for Respondent.

GRIFFIN, P. J.—Defendant-appellant was charged in two counts of an information with furnishing a narcotic (marijuana) to a minor, Joy Quarles (aged 19) on or about December 26, 1955, and on or about the same day with furnishing such a narcotic to one Davida Finley (aged 16). He was also charged with two prior convictions of a felony (murder and possession of narcotics) which he admitted. He pleaded

not guilty to the charges. The jury found him guilty as alleged.

On his appeal from the judgment and order denying a new trial he claims that since his basic defense was an alibi as to his association with these minors on December 26, 1955, and the time fixed by their testimony as to the commission of said offenses, it was prejudicial error to give an instruction to the effect that:

"When, as in each count alleged in the Information, it is charged that a crime was committed on or about a certain date, if the jury finds that the particular crime charged was committed by the defendant, the proof need not show that they were committed at the time so alleged." (Citing *People* v. *Morris*, 3 Cal.App. 1 [84 P. 463]; and *People* v. *Waits*, 18 Cal. App.2d 20 [62 P.2d 1054].)

No claim is made that the evidence is not sufficient to support the convictions. A brief résumé of the girls' testimony is that on December 26, 1955, at about 6:30 p.m. (Davida's birthday) they went around to several homes with one Bob Long and engaged in conversation generally about Christmas festivities. At the Alwardt home they had an alcoholic drink and appellant Frank Velarde came there and was introduced to the girls by Bob. After a brief conversation appellant and Bob went to the kitchen and Bob then invited Davida there and asked her if she wanted to "go smoke some marijuana" and she agreed; that Joy then joined them and at about 8:30 p.m. the four of them drove to appellant's home in a 1949 or 1950 maroon-colored convertible white top Ford, which appellant said belonged to his brother; that when they arrived there appellant left and talked to a man (Velarde's father) and then returned and said he "got two joints (marijuana cigarettes) . . . from the old man. I have my one stashed"; that they then rolled up the windows in the car to keep the smoke in and then drove away; that appellant handed one cigarette to Bob, who was driving, which he and Joy smoked and appellant and Davida, riding in the back seat, shared the other. The girls said the cigarettes were greenish-brown, about 2¾ inches in length, and when lighted had a sweet odor which they had smelled before on prior occasions when they had smoked marijuana cigarettes. They related in detail how they smoked them with appellant on this occasion and said both Bob and appellant had made a "cocktail" out of their respective cigarettes. Davida said after smoking the cigarette she felt a "numbness around my head . . . and un-

controlled laughter." Joy said her "head was light and maybe felt a little larger than it is" and she was laughing at things that made no sense. Based on these sensations they testified from their previous sensations and knowledge of the content of these other cigarettes, that they were of the opinion they were marijuana cigarettes. They testified that after smoking them they went to the mountains and after their return appellant stated he could make another buy in Colton; that they drove there and appellant left and returned, bringing what looked like marijuana cigarettes wrapped in wax paper; that Bob was offered one but he refused and they drove the girls to their home. Both girls were positive that the foregoing took place on December 26, 1955, at the time indicated.

On February 4, 1956, officers arrested appellant on this charge at his home. He there admitted that at times he did drive his brother's maroon Ford convertible car but denied knowing Davida and Joy. While there, Joy called appellant on the telephone and he then admitted he did know her and Davida and that he and Bob did take the girls driving at night, but claimed they never gave them marijuana.

Appellant testified that on December 26, at about 7:30 p.m. he and his brother visited the Longs and that he then went home; that shortly before 10 p.m. he went to the depot and boarded a bus for Los Angeles. He denied having his brother's car on December 26, denied seeing Bob on that day, obtaining marijuana from his father, or making any statements to the officer that he had known Davida or Joy or that he had ever taken them anywhere. Appellant's relatives claim that he and the girls did not visit their homes on December 26, as indicated by the girls. Bob, who was in the courtroom while the girls testified, did not take the witness stand to refute their stories.

It should be here noted that the prosecution's witnesses testified that the only offense occurred on December 26, 1955, at the time indicated, and no other such offense by appellant was indicated connecting appellant with it. Accordingly, appellant was completely informed by them of the time and place, and the information so alleged.

In the Waits case, *supra*, relied upon by appellant, the instruction was to the effect that it was wholly immaterial on what day or night *the offense was committed* . . . provided it was committed within *three years*. (Italics ours.) *People* v. *Morris, supra,* was to the same effect except it related to the

entire day. The instant instruction is to the effect that where the information charges the *commission of the crime* on or about a certain date, it is not necessary that the proof show that it occurred on the date alleged. It must be conceded that if the information charged that this occurrence took place on December 26, and all of the testimony and evidence showed it took place on December 27, this would not preclude a conviction under the information, and it would be a proper instruction under the statute of limitations. These cases were under consideration in *People* v. *Notz,* 73 Cal.App.2d 439 [166 P.2d 607], under an instruction given in about the same form as the one here under consideration. It was there held not to be prejudicial error where the court elsewhere instructed the jury that the burden of proving defendant's presence at the time and place of the alleged offense devolved upon the prosecution, and that it was sufficient to justify an acquittal if the evidence raised a reasonable doubt of defendant's presence at the time and place of such offense. Substantially the same instructions were here given and the jury was fully and completely instructed on the law relating to the alibi defense. The record unerringly points to appellant's guilt and his claim of alibi was impeached not only by his contradictory statements but by his admission of felony convictions. The corroborating witnesses were his close relatives. The exact date was alleged in the information and the proof was in accordance with the allegation as to time, place and parties present.

We conclude that appellant was not prejudiced by the giving of the instruction under consideration and no miscarriage of justice resulted. (*People* v. *Watson,* 46 Cal.2d 818, 836 [299 P.2d 243] ; *People* v. *Meacham,* 84 Cal.App.2d 193, 204 [190 P.2d 262].)

Judgment and order denying a new trial affirmed.

Mussell, J., concurred.