## Appellate Department, Superior Court, Los Angeles

[Crim. A. No. 4456.   Nov. 3, 1960.]

THE PEOPLE, Respondent, v. BENJAMIN LEE BROWN, Appellant.

Thomas Higgins for Appellant.

William B. McKesson, District Attorney, and Harry Wood, Deputy District Attorney, for Respondent.

SWAIN, P. J.—■ The defendant was convicted of violating Penal Code 311, subsection 1 (indecent exposure). He appeals from the judgment and the order denying his motion for a new trial. The only ground urged for reversal is that it was error to give this instruction No. 17 in view of the fact that he relied on the so-called defense of alibi.

### INSTRUCTION No. 17
#### (This is similar to CALJIC No. 34)

"You are instructed that the Statute of Limitations in these cases is one year; that the date of the offense need not be proved as alleged. Any date within the period of the Statute of Limitations is sufficient."

The respondent claims that the following cured the error, if any, in giving instruction No. 17.

### INSTRUCTION No. 23
#### (CALJIC No. 31)

"When one who was not at the place where a crime was committed at the time of its commission is later charged with having been present and having committed or taken part in committing such crime, his absence from the scene of the crime, if proved, is a complete defense that we call an alibi.

"The defendant Benjamin Lee Brown in this case has introduced evidence tending to prove that he was not present at the time and place of the commission of the alleged offense, for which he is here on trial. If, after a consideration of all the evidence, you have a reasonable doubt whether or not the defendant was present at the time the crime was committed, he is entitled to an acquittal."

Before discussing the law as to the propriety of giving said instruction No. 17, we must consider certain parts of the evidence, for although there is no denial that someone committed the crime, there is serious doubt as to whether that someone was the defendant. The victim was a girl 14 years of age. She was the only witness to the commission of the crime. She testified that some time during the latter part of January, 1960, she was returning to school after her lunch. She was not sure of the exact date but was sure that the time was about 1:30 p.m. because she was about 10 minutes tardy for

her 1:25 p.m. class. An automobile was parked at the curb and as she walked past it, she heard a voice say, ''Hey, look here.'' She looked into the automobile and saw a man indecently exposing himself. She looked for two or three seconds only, then turned away and walked on. She did not take the license number of the automobile at the time. A week or two later she saw the same man drive past her home in an automobile ''resembling the automobile'' she saw on the first occasion. On two later occasions she saw an automobile resembling the one first mentioned above. She did not testify that the defendant was driving the car on either of those days. She thought she remembered the license number but later was uncertain which of two numbers it was. She apparently gave both numbers to the sheriff to whom she then, for the first time, reported the offense. Three days later, February 18, 1960, she went to the sheriff's substation where she saw an automobile bearing one of the numbers she claimed to remember and identified it as the one in which the defendant was sitting at the time the crime was committed. The officers had located the car and arrested the defendant because his car bore one of those numbers. At a showup that day she identified one man, in a line-up of three, as the defendant. The victim had told the sheriff's office that the man was in his twenties, weighing approximately 145 pounds and had light hair and complexion. The defendant weighs about 170 pounds, his complexion is light but his hair is brown. We have gone into these details fully because of the serious question as to the identity of the defendant. She claims that in the two or three seconds she looked at the defendant in his car she saw his private parts and also saw his face so well that she could positively identify him several weeks or a month later. Her identification of the automobile on February 18 was positive but on the day she got the license number, she first said it resembled the car in which the defendant was sitting. This identification may be sufficient to support the implied finding of the defendant as the man who committed the crime. But it is questionable enough to make even a slight error in the instructions a reversible error. This is particularly true in such a case as this which easily arouses passion and prejudice on the part of the jurors. It is a charge which is easily made and hard to disprove. We must proceed with caution even though the defendant admitted that he had been convicted of a felony, robbery, and had served 60 days in jail for that offense. The penalty indicates it was not an aggravated case

of robbery. This conviction can be used to impeach the defendant's testimony but it cannot be used to prove he is a sex deviate. We mention it not to reweigh the evidence but to show we have not overlooked it.

The defendant not only denied committing the offense but he testified that at the time of the alleged crime, the latter part of January, 1960, and at the hour which was definitely fixed, he was at work at his job in Vernon. An examination of the map shows the plant was some miles away from the scene of the crime. In addition to that, a payroll clerk of his company testified that the only working day in January on which defendant was absent was January 5 and that his working hours were 7 a.m. to 3:30 p.m. This alibi did not convince the jury and it is very probable that they were confused by the instruction that the date of the offense need not be proved as alleged. "Any date within the period of the Statute of Limitations (one year) is sufficient."

This instruction has been characterized as a correct statement of the statute of limitations. *People* v. *Waits* (1936), 18 Cal.App.2d 20, 21 [62 P.2d 1054]; *People* v. *Kendall* (1952), 111 Cal.App.2d 204 [244 P.2d 418]. But there is no claim that this action is barred by the statute and no evidence was presented to show that it could have been. There was, therefore, no reason for instructing the jury as to the statute. The victim testified that the offense was committed the latter part of January, 1960. The instructions should have focused the minds of the jurors on that period instead of running the risk of diverting their attention to other times within the year. In *People* v. *Waits, supra,* 18 Cal.App.2d 20, the court said at page 21 [62 P.2d 1054] : "In light of appellant's alibi defense, the time the alleged offenses were committed became material, and it was the duty of the trial court to limit the jury in its consideration of the evidence to the period which the prosecution selected as the time of commission of the offenses." We understand the phrase "the period which the prosecution selected as the time of commission of the offenses" to mean the time the evidence showed the crime was committed, not the time alleged in the accusatory pleading. This is true because the rule as to variance between the time pleaded and the time proved (Pen. Code, § 955) applies to alibi cases as well as to others. In *People* v. *Notz* (1946), 73 Cal.App.2d 439 [166 P.2d 607], the judgment was affirmed although the instruction disapproved in *People* v. *Waits, supra,* 18 Cal.App.2d 20 [62 P.2d 1054], was given. In his concurring opinion Mr.

Justice White says, p. 441, ''I concur in the judgment, but do so only *because of the positive identification of the defendants as perpetrators of the crime charged,* coupled with the fact that the testimony placed the time of the commission of the offense at 'approximately 5:45 p.m.' on the date charged in the information, as well as the fact that notwithstanding the challenged instruction the court gave the correct and proper instruction set forth in the main opinion. *In my judgment the jury in the instant case were not misled.*

''However, I am firmly convinced that in cases where the defendant relies upon an alibi for his defense the instruction here under attack should not be given. And that is particularly true when the prosecution, as here, relies for conviction upon a specific date'' (note, we would also say ''or period'') ''and hour. When a defense of alibi is interposed and an alleged offense is so narrowed as in this case, the date and even the hour may become important. The challenged instruction'' (i.e., the statute of limitations) ''in such circumstances can have no applicability to the evidence in the case, *may prove confusing to the jury, and in some cases, constitute prejudicial error.''* (Emphasis added.)

It is true that in *People* v. *Kendall, supra,* 111 Cal.App.2d 204 [244 P.2d 418], the court affirmed a judgment although an instruction similar to CALJIC No. 34 was given. At page 217 the court said, ''He [the appellant] argues that since his defense was an alibi the jury should have been given only the first of the quoted instructions.'' (CALJIC 31.) ''There is no merit in this contention since the latter instruction merely purports to be on the statute of limitations and is substantially in the language of section 955 of the Penal Code. *It was not misleading,* particularly when considered in connection with the alibi instruction.'' [Emphasis added.] Due to the fact that Penal Code, section 955 was cited, the court should have referred to the instruction as one on the statute of limitations and on the rule as to variance. We have tried to point out above the importance of this dual nature of the instruction. A note in the 1958 edition of CALJIC states, at page 65, ''Nor should this instruction [CALJIC 34] be given if the People's evidence points to a particular day or night, or hour of a day or night, to the exclusion of any other time, when the offense was committed, and the defendant has presented evidence competent to establish an alibi.'' This and Mr. Justice White's statement in the Notz case, *supra,* 73 Cal.App.2d 439, 441 [166 P.2d 607], seem to con-

flict with the court's opinion in the Kendall case, *supra*, 111 Cal.App.2d 204 [244 P.2d 418]. In the Kendall case there was no uncertainty as to the identity of the defendant. Two complaining witnesses testified that he had committed abortions on them at his office. The evidence of the complaining witnesses as to the commission of the offenses was corroborated by adequate convincing evidence. The defendant did not testify. There was, in short, no doubt as to his guilt. Furthermore, it is doubtful whether the defendant himself had any faith in his claim of error in giving CALJIC No. 34 even though he claimed an alibi. Neither in his petition for a rehearing by the District Court of Appeal nor his petition for a hearing by the Supreme Court did he mention the point. The situation in the case at bar is very different from the *Kendall* situation. The opinion of Mr. Justice White should be followed and we do follow it for there is grave doubt of the guilt of the defendant.

In such a case as this a proper instruction on variance should be clearly given limiting the time of the variance to the date or period on or during which the evidence would support an implied finding that the crime was then committed. With the time of the variance thus limited there would be no need for an instruction on the statute of limitations unless the defendant claimed the bar of that statute as a defense.

Furthermore, as to variance the Kendall and Notz cases make it clear that the variance proved by the evidence may be any time within the statute of limitations. This slays the ghost of the claimed rule that the jury should be limited to the "date given" (i.e., alleged) "*or one very near to it.*" This ghost was also slain in *People* v. *Ralls* (1937), 21 Cal.App.2d 674, 678 [70 P.2d 265].

The latitude of variance shown by the evidence is, therefore, the same in alibi cases as in all others. But if a defendant, relying on the defense of alibi, is taken by surprise by evidence as to the date of the crime, he should be given a continuance if he requests one. *People* v. *Cook* (1955), 136 Cal.App.2d 442, 447 [288 P.2d 602]. This is especially true in a misdemeanor case for there the defendant does not have the benefit of a reporter's transcript of the evidence of variance received at preliminary examination or a grand jury hearing.

To summarize even at the risk of being repetitious, the difference between alibi cases and other cases is not in the permissible variance, but is in the giving of instructions. In either situation the statute of limitations instruction should

not be given unless that question is in issue. If given it will usually be surplusage and nonprejudicial in a non-alibi case, but in an alibi case it is much more likely to be prejudicial. Here, we are convinced it was confusing and prejudicial.

The judgment and order denying motion for new trial are reversed.

Huls, J., and Smith, J., concurred.